UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION (BAY CITY)

In Re:

MAGDALENA PEREZ

Debtor.

Case No: 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

KISHORE JAYAKUMAR,

Plaintiff,

v.

MAGDALENA PEREZ,

Defendant / Third-Party Plaintiff.

v.

DAVID STOCKMAN, and
MICHIGAN HEALTH CLINIC,

Third-Party Defendants

Adv. Pro. No. 26-02010-dob

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Kishore Jayakumar ("**Plaintiff**" or "**Dr. Jayakumar**") serves the following First Requests for Admission, Interrogatories, and Requests for Production of Documents (collectively, the "**Requests**") on Defendant Magdalena Perez ("**Debtor**") pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, and 7036. Responses to these consolidated discovery requests must be served on the Plaintiff's counsel within 30 days after service of these requests.

## DEFINITIONS & INSTRUCTIONS

1. The term "**document**" is used in its broadest sense and shall include all writings or visible images of any kind, whether in final or draft form, now or at any time in your possession, custody or control, and including all copies of each document if the copies contain any additional writing or are not identical copies of the original (e.g., because typed or handwritten notes appear on them or are attached to them). The term "document" includes, but is not limited to, letters, invoices, contracts, agreements, receipts, correspondence, electronic mail, memoranda, notes, photographs, diary and calendar entries, records of meetings, minutes or statistical compilations, statements, audio or video recordings, summaries or records of telephone calls, summaries or records of meetings or conferences, summaries or records of personal conversations or interviews, and records of other conversations or communications.

2. The term "**document**" also includes records stored by any electronic or mechanical means and capable of translation into written form, including but not limited to computer files in both machine-readable and hard copy form, magnetic tapes, and computer disks.

3. If any document requested no longer exists, for whatever reason, provide a description of the document by stating the name(s) and positions of the author, all recipients, the date of the document, and the subject matter of the document. Also provide the complete circumstances surrounding the fact that the document no longer exists and the approximate date on which the document was destroyed, discarded, or otherwise ceased to exist.

4. Each interrogatory must be answered separately and fully in writing and under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

5. The answers to these interrogatories must include your knowledge and the knowledge of your attorneys and all agents, servants, representatives, investigators, and others

who may have obtained information on your behalf or on behalf of your attorneys. You are required to seasonably supplement your responses.

6. If you cannot answer an interrogatory in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

7. Where an individual interrogatory calls for an answer which involves more than one part, each of the answers should be clearly set out so that it is understandable.

8. These discovery requests are continuing in nature so as to require supplemental answers if further information is obtained or discovered by you between the time these discovery requests are answered and the time of trial. Such information must be furnished to the Plaintiff within a reasonable time after it becomes known or obtained.

9. The term "**all documents**" means every document, whether an original or a copy or a draft of the document, as defined above, that is within Defendants' possession, custody, or control, or otherwise known or available to Defendants.

10. The term "**identify**," when used in relation to a person, means state separately the following distinguishing information for an individual: name, last known business address, last known residential address, and telephone number. If the person is not an individual but is a legal entity or organization, additionally identify the person or persons employed by or representing such a legal entity or organization who have knowledge relating to the matter involved.

11. The term "**identify**," when used in relation to a document, means state the author, the date of preparation, summarize the document's content, and identify the person who is its present custodian.

12. As used in this document, "**relating to**" and "**relate to**" mean constituting, consisting of, concerning, referring to, touching upon, reflecting, or in any way logically or factually connected to the matter discussed, in whole or in part.

13. The terms "**and**" or "**or**" is to be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these Requests any information that may otherwise be construed to be outside their scope.

14. The term "**Complaint**" means the Complaint that was filed by Plaintiff in this adversary proceeding, Adversary No. 26-02010-dob.

15. The term "**Answer**" means your answer to the Complaint and accompanying Third-Party Complaint filed in this adversary proceeding, Doc. No. 4.

16. The term "**MHC**" means Michigan Health Clinics, P.C. and includes its subsidiary, the Michigan Institute of Forensic Science & Medicine PC.

17. The term "**GLBS**" means Great Lakes Bay Staffing, Inc.

18. The term "**Employment Agreement**" means the employment contract between Dr. Jayakumar and MHC, including any amendments, addenda, or modifications thereto.

19. The term "**Relevant Period**" means the period from January 1, 2023, through the present date.

## REQUESTS TO ADMIT

1. Admit that at the time you recruited and hired Dr. Jayakumar in August-September 2023, you knew that MHC was not paying its current liabilities on time, including without limitation those liabilities with respect to employees and vendors.

2. Admit that you did not disclose MHC's financial difficulties to Dr. Jayakumar at any time before or during his employment.

3. Admit that you maintained employment records for employees at MHC, including physicians.

4. Admit that you administered payroll for MHC employees.

5. Admit that you had authority to hire and fire employees at MHC, including physicians.

6. Admit that you participated in hiring and termination decisions relating to employees at MHC, including physicians.

7. Admit that you participated in determining or negotiating compensation terms for MHC employees.

8. Admit that you were a member of MHC's senior leadership.

9. Admit that MHC owes Dr. Jayakumar no less than $132,109.50 in unpaid wages.

## **INTERROGATORIES**

1. Describe, with specificity, all of your job titles, duties, and responsibilities at MHC from January 2023 until the end of your employment with MHC.

2. Identify all bank accounts for which you were a signatory, had withdrawal authority, or had authority to make ACH, wire, or other transfers during the Relevant Period, including accounts held by MHC, GLBS, or any other Stockman-related entity.

3. Describe, with specificity, your role and responsibilities at GLBS during the Relevant Period, including without limitation your ownership interest and all duties you performed on behalf of GLBS.

4. Identify all complaints you received, whether orally or in writing, from employees, vendors, or other persons regarding MHC's failure to timely pay or bounced checks or transfers

during the Relevant Period. For each complaint, state the date, the identity of the complaining party, the substance of the complaint, and the complaint's resolution.

5. Describe in detail how the amount of $10,500 for Dr. Jayakumar's first paycheck was calculated, including each person involved in determining the amount, the source of any RVU data used in determining the amount, and any direction Stockman gave regarding the amount.

6. Describe, with specificity, your role in administering Dr. Jayakumar's health insurance benefits, including all actions you took, communications you had with Blue Cross Blue Shield of Michigan and/or Blue Care Network, and your knowledge of the cancellation of Dr. Jayakumar's coverage.

7. Describe, with specificity, action(s) you took in response to Dr. Jayakumar's inquiries or complaints regarding missing or delayed compensation.

8. Explain why health insurance premiums were deducted from Dr. Jayakumar's compensation after his coverage was cancelled and identify the person(s) responsible for those deductions.

9. Identify all persons with knowledge of any of the facts or circumstances alleged in the Complaint or asserted in your Answer and describe the nature of each person's knowledge.

10. Identify all documents that support your contention that you acted solely at Stockman's direction with respect to any matter involving Dr. Jayakumar.

11. Identify each person or other entity to whom you submitted or provided a résumé, CV, application, biography, job description, or other written statement describing your duties, responsibilities, authority, or accomplishments at MHC. This includes but is not limited to current or prospective employers, recruiters, online job platforms or boards, educational institutions, scholarship or award organizations, professional organizations, and governmental bodies.

12. Identify each person who provided a letter of recommendation or other recommendation relating to your application to the Saginaw Valley State University MBA program, and state each person's relationship to you and the approximate date the recommendation was provided.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications between you and Dr. Jayakumar during the Relevant Period, including but not limited to emails, text messages, letters, voicemails, and any notes or memoranda of telephone conversations.

2. All Documents and Communications between you and David Stockman relating to or mentioning Dr. Jayakumar during the Relevant Period.

3. All Documents and Communications between you and Brian Hart relating to or mentioning Dr. Jayakumar during the Relevant Period.

4. All Documents relating to the recruitment and hiring of Dr. Jayakumar, including but not limited to job postings, advertisements, interview notes, correspondence, and any internal communications regarding his candidacy.

5. All Documents relating to the negotiation of the terms of Dr. Jayakumar's Employment Agreement.

6. All Documents relating to Dr. Jayakumar's compensation, including but not limited to payroll records, pay stubs, RVU calculations, RVU data, billing reports, and any analyses or summaries of amounts owed.

7. All Documents relating to your duties, responsibilities, authority, or accomplishments at MHC, including but not limited to résumés, CVs, employment applications,

applications to educational institutions, job descriptions, professional profiles, LinkedIn content, biographies, letters of recommendation, organizational charts, policies, proposals, handbooks, training materials, reports, presentations, and corporate records. This Request includes but is not limited to documents submitted to current or prospective employers, recruiters, online job platforms or boards, educational institutions, scholarship or award organizations, professional organizations, and governmental bodies.

8. All Documents and Communications with MHC employees or contractors in which you provided directives, policies, approvals, evaluations, warnings, discipline, or other guidance concerning their work or MHC's operations.

WARNER NORCROSS + JUDD LLP

Dated: October 9, 2026

By: _Joshua C. Eggert_____________________
Jonathan E. Lauderbach (P51313)
Joshua C. Eggert (P87786)
715 East Main Street, Suite 110
Midland, Michigan 48640
989.698.3700
jlauderbach@wnj.com
jeggert@wnj.com
34802116