**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.
______________________________/

Adv. Proc. No. 26-02010-dob

**THIRD-PARTY DEFENDANT DAVID STOCKMAN'S SEPARATE MOTION FOR SANCTIONS AGAINST PLAINTIFF KISHORE JAYAKUMAR AND PLAINTIFF'S COUNSEL UNDER FED. R. BANKR. P. 9011, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY**

Third-Party Defendant David Stockman, appearing pro se solely on his own behalf, moves separately for sanctions against Plaintiff Kishore Jayakumar and, to the extent permitted by law and supported by the Court's findings, Plaintiff's counsel under Fed. R. Bankr. P. 9011(c), 28 U.S.C. § 1927, 11 U.S.C. § 105(a), and the Court's inherent authority to address bad-faith and vexatious multiplication of proceedings. This motion is separate from Stockman's pending motion to dismiss and is directed to litigation conduct, not merely the merits of the wage dispute.

RULE 9011 SAFE HARBOR. This motion is being served before filing as required by Fed. R. Bankr. P. 9011(c)(2). It will not be filed or presented to the Court unless the challenged conduct is not withdrawn or appropriately corrected within the safe-harbor period. The eventual filing, if necessary, will include a declaration establishing the date

and manner of service. If service is made by first-class mail, Fed. R. Bankr. P. 9006(f) adds three days to the otherwise applicable period.

**RELIEF REQUESTED**

1. Find, after notice and an opportunity to respond, that continued prosecution of duplicative debt-liquidation theories in this adversary after the related District Court proceedings and the September 15, 2026 consolidation order, together with further lateral expansion to additional employees and affiliated entities without a clearly pleaded nexus, violates Rule 9011(b)(1) and (b)(3) to the extent attributable to Jayakumar and violates Rule 9011(b)(1)-(3) to the extent attributable to counsel;
2. Find that counsel's continuation and multiplication of overlapping proceedings, if not corrected during the safe harbor, warrants relief under 28 U.S.C. § 1927 to the extent the Court finds counsel knew or reasonably should have known that the litigation tactics would needlessly obstruct resolution and increase expense;
3. Find that the overall course of conduct, if established after hearing, is in bad faith or tantamount to bad faith and therefore subject to the Court's inherent authority;
4. Order Jayakumar to file a notice identifying all related federal proceedings arising from the same employment relationship, alleged RVU compensation arrangement, recruitment representations, payroll practices, and claimed unpaid wages, including E.D. Mich. Case Nos. 1:26-cv-11779 and 1:26-cv-13091 and the September 15, 2026 consolidation order;
5. Order Jayakumar to withdraw, dismiss, or appropriately narrow any portion of this adversary that seeks to re-liquidate the same underlying wage, contract, fraud,

recruitment, payroll, or damages issues already pending in consolidated Case No. 1:26-cv-11779, leaving only a properly pleaded bankruptcy-specific issue if one remains;

6. Order that no additional person or affiliated entity, including Great Lakes Bay Staffing, Inc. ("GLBS"), be injected into this adversary absent leave of Court and a specific factual proffer identifying that person or entity's direct role in Jayakumar's employment, compensation, alleged debt, or alleged fraud;

7. Issue a formal admonition that further duplicative, frivolous, entity-expanding, or factually unsupported filings may result in escalating sanctions, including a monetary penalty payable to the Court, striking of papers, limitation of future filings, or other appropriate relief;

8. Impose an appropriate monetary penalty payable to the Court if necessary for deterrence, and award Stockman any documented out-of-pocket expenses that are legally recoverable and directly caused by the sanctionable conduct, without requesting attorney fees for Stockman's own pro se time;

9. If the Court concludes that lesser sanctions are inadequate, consider striking or dismissing the offending duplicative claims as an additional nonmonetary sanction; and

10. Grant such other relief as the Court deems necessary to protect the integrity and efficient administration of this adversary proceeding.

**SPECIFIC CONDUCT CHALLENGED**

1. Jayakumar began the employment dispute on June 26, 2024 by suing MHC and Stockman. Perez and Brian Hart were not original defendants.

2. In September 2025, Jayakumar announced that he intended to add two defendants and supplemental counts. The filing announcing that expansion did not identify a newly discovered Perez-specific fact explaining why an alleged MHC wage obligation had become a personal debt of Perez.

3. The amended federal complaint later added Perez and Hart to the same wage, contract, and fraud dispute. That case was transferred to the Eastern District of Michigan and is now Case No. 1:26-cv-11779.

4. This adversary proceeding separately seeks relief against Perez arising from the same alleged MHC employment relationship, compensation arrangement, representations, and unpaid wages. Jayakumar's July 9, 2026 Initial Disclosures in this adversary identify "MHC's employment of Dr. Jayakumar," the MHC employment agreement and MHC communications, and claim $132,109.50 in unpaid wages and $528,438.00 in aggregate damages plus fees and costs. Adv. Proc. Doc. 21.

5. On August 28, 2026, while this adversary remained pending, Jayakumar filed a second federal action against former MHC Chief Nursing Officer Jennifer Penning, Case No. 1:26-cv-13091, asserting fraud and negligent-misrepresentation theories arising from the same recruitment, RVU compensation arrangement, payroll practices, and alleged unpaid wages. That complaint itself identified Case No. 1:26-cv-11779 as related.

6. On September 15, 2026, District Judge Susan K. DeClercq consolidated Case Nos. 1:26-cv-11779 and 1:26-cv-13091 after finding that the two cases arise from the same employment relationship and the same operative facts, concern the same alleged unpaid wages, and will require substantially overlapping discovery. The order directed future filings into Case No. 1:26-cv-11779.

7. According to the filings presently known to Stockman, and subject to correction if Plaintiff identifies a contrary filing, Jayakumar did not file a prompt notice in this adversary advising this Court of the separately filed Penning action and the later federal consolidation order, even though those developments are directly material to duplication, discovery scope, abstention, case management, and the risk of inconsistent findings.

8. Instead, Jayakumar has continued to press this adversary as another litigation track and, according to Stockman, has now invoked GLBS despite GLBS never having been a defendant in the underlying wage case and despite Stockman's position that GLBS had no employment, compensation, billing, or contractual relationship with Jayakumar.

9. The challenged conduct is therefore not merely the existence of multiple legal theories. It is the continued multiplication of parties, entities, and forums around one employment-debt nucleus after another federal judge has already determined that the related civil cases should be centralized because they arise from the same operative facts and require substantially overlapping discovery.

**RULE 9011 AND INHERENT-AUTHORITY BASIS**

Rule 9011(b)(1) prohibits presenting or later advocating a paper for an improper purpose, including harassment, unnecessary delay, or needless increase in litigation cost. Rule 9011(b)(2) requires legal contentions to be warranted by existing law or a nonfrivolous argument for change, and Rule 9011(b)(3) requires factual contentions to have evidentiary support or to be specifically identified as likely to obtain support after reasonable investigation. Fed. R. Bankr. P. 9011(b).

The Sixth Circuit evaluates Rule 9011 reasonableness under the circumstances and cautions that sanctions must be based on specific conduct and appropriate findings. In re Big Rapids Mall Assocs., 98 F.3d 926, 930-31 (6th Cir. 1996); Mapother & Mapother, P.S.C. v. Cooper (In re Downs), 103 F.3d 472, 481-82 (6th Cir. 1996). This motion therefore identifies the precise chronology and gives Plaintiff and counsel a full safe-harbor opportunity to correct it.

The Sixth Circuit has also affirmed substantial bankruptcy sanctions where counsel persistently multiplied proceedings through repetitive and vexatious filings. Grossman v. Wehrle (In re Royal Manor Mgmt., Inc.), 652 F. App'x 330, 334-37 (6th Cir. 2016). Section 1927 permits sanctions against counsel when litigation conduct objectively falls short of obligations owed by a member of the bar and causes additional expense. Id. at 337-38. A bankruptcy court also has inherent authority to sanction bad-faith conduct, but that authority requires a finding of bad faith or conduct tantamount to bad faith and must be exercised with due process. First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512-19 (6th Cir. 2002).

Stockman does not contend that filing more than one lawsuit is automatically sanctionable or that Plaintiff was required to predict the later Penning case when this adversary began. The challenged conduct is the continued advocacy and expansion of overlapping claims after the duplication became unmistakable, particularly after Plaintiff himself filed the Penning action as a related case and the District Court formally consolidated the two civil matters on September 15, 2026.

**JUDICIAL NOTICE**

Stockman requests judicial notice of the September 15, 2026 Order Consolidating Cases entered as ECF No. 6 in Jayakumar v. Michigan Health Clinics, P.C., No. 1:26-cv-11779 (E.D. Mich.), which also consolidates Jayakumar v. Penning, No. 1:26-cv-13091. The order is a public federal court record and is offered to establish the existence and procedural effect of the related proceedings, not the truth of disputed liability allegations.

**CONCLUSION**

The District Court has already centralized the related federal employment litigation because the cases share the same operative facts and substantially overlapping discovery. Continuing to litigate the same debt nucleus in a third track while adding employees and affiliated entities without a clearly pleaded independent basis needlessly multiplies proceedings and creates avoidable expense, confusion, and inconsistent-results risk. If Plaintiff and counsel do not correct the challenged conduct during Rule 9011's safe harbor, sanctions sufficient to deter repetition are warranted.

## CONCURRENCE

Before any eventual filing of this motion, Stockman will seek concurrence as required by E.D. Mich. LBR 9014-1(h) and will accurately state the result in a separate notice or declaration. The Rule 9011 safe-harbor service of this motion precedes filing and is not itself a filing with the Court.

Respectfully submitted,
**/s/ David Stockman**
David Stockman, Third-Party Defendant, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Phone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: October 10, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

| | |
|---|---|
| In re:<br>**MAGDALENA PEREZ,**<br>Debtor. | Case No. 24-21078-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| **KISHORE JAYAKUMAR,**<br>Plaintiff,<br>v.<br>**MAGDALENA PEREZ,**<br>Defendant / Third-Party Plaintiff,<br>v.<br>**DAVID STOCKMAN and**<br>**MICHIGAN HEALTH CLINIC,**<br>Third-Party Defendants.<br>_____________________________/ | Adv. Proc. No. 26-02010-dob |

## CERTIFICATE OF SERVICE

I certify that on 10 October 2026, I served the Separate Motion for Sanctions, Brief in Support, Proposed Order, Notice of Motion and Opportunity to Object, and Declaration of Rule 9011 Safe-Harbor Service.

Service was made through the Court's CM/ECF system on all registered participants entitled to electronic notice. Any person entitled to service who was not a registered CM/ECF participant was served by first-class U.S. Mail at that person's address of record.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,
**/s/ David Stockman**
David Stockman, Third-Party Defendant, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Phone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: 10 October 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.
______________________________/

Adv. Proc. No. 26-02010-dob

**NOTICE OF MOTION AND OPPORTUNITY TO OBJECT**

PLEASE TAKE NOTICE that Third-Party Defendant David Stockman has filed a Separate Motion for Sanctions Against Plaintiff Kishore Jayakumar and Plaintiff's Counsel under Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927, and the Court's inherent authority.

The Rule 9011 motion was served before filing and was not filed until expiration of the safe-harbor period. If you object to the relief requested after filing, you must file and serve a written response within the time provided by the Federal Rules of Bankruptcy Procedure and E.D. Mich. LBR 9014-1.

If no timely response is filed, the Court may grant relief without further notice or hearing to the extent permitted by the Rules and the Court's procedures.

Respectfully submitted,
**/s/ David Stockman**
David Stockman, Third-Party Defendant, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Phone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: October 10, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.
_____________________________/

Adv. Proc. No. 26-02010-dob

**PROPOSED ORDER GRANTING SEPARATE MOTION FOR SANCTIONS**

Upon consideration of Third-Party Defendant David Stockman's Separate Motion for Sanctions Against Plaintiff Kishore Jayakumar and Plaintiff's Counsel, any response, and the record, and after notice and an opportunity to be heard, IT IS ORDERED:

1. The Motion is GRANTED to the extent stated in this Order;
2. The Court finds that [identify specific conduct] violated Fed. R. Bankr. P. 9011(b)(1) and/or (b)(3) as to Plaintiff Kishore Jayakumar and violated Rule 9011(b)(1), (b)(2), and/or (b)(3) as to counsel, as specifically found by the Court;
3. The Court further finds that [identify counsel conduct], if applicable, unreasonably and vexatiously multiplied proceedings within the meaning of 28 U.S.C. § 1927;
4. Plaintiff shall file, within 7 days, a notice identifying E.D. Mich. Case Nos. 1:26-cv-11779 and 1:26-cv-13091, the September 15, 2026 consolidation order, and any

other federal proceeding arising from the same employment relationship or claimed unpaid wages;

5. Plaintiff shall withdraw or appropriately narrow any duplicative debt-liquidation theory in this adversary so that this Court is not asked to duplicate the District Court's adjudication of the existence and amount of the underlying employment debt;

6. Plaintiff shall not add or inject any additional person or entity, including Great Lakes Bay Staffing, Inc., without prior leave of Court and a specific factual proffer identifying that person or entity's direct nexus to the alleged debt;

7. Plaintiff and counsel are formally ADMONISHED that further duplicative, frivolous, entity-expanding, or factually unsupported filings may result in escalating sanctions;

8. As a deterrent, [Plaintiff / counsel] shall pay a penalty of $________ to the Clerk of Court within ______ days [if imposed];

9. Stockman may file within 14 days a declaration itemizing any out-of-pocket expenses legally recoverable and directly caused by the conduct found sanctionable; no attorney fees are awarded for Stockman's pro se time;

10. The Court reserves the question whether additional sanctions, including striking papers, limiting future filings, or dismissal of offending claims, are warranted if the sanctioned conduct continues; and

11. All other requested relief is [GRANTED / DENIED] as stated on the record.

**IT IS SO ORDERED.**

______________________________________

Hon. Daniel S. Opperman
United States Bankruptcy Judge
Dated: ______________________

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.
______________________________/

Adv. Proc. No. 26-02010-dob

**BRIEF IN SUPPORT OF SEPARATE MOTION FOR SANCTIONS**

## I. INTRODUCTION

The problem is no longer simply that Jayakumar has chosen aggressive theories. It is that one employment dispute has been repeatedly expanded across parties, entities, and federal forums. The original wage case named MHC and Stockman. It was later expanded to Perez and Hart. This Bankruptcy Court then became a second forum for the same alleged employment debt. While this adversary remained pending, Jayakumar filed yet another federal action against Jennifer Penning based on the same recruitment and RVU compensation story. The District Court has now expressly found that the civil cases arise from the same operative facts, concern the same alleged unpaid wages, and require substantially overlapping discovery. Yet the bankruptcy proceeding continues as a parallel merits track, and Stockman understands Plaintiff now to be introducing GLBS, an entity never previously part of the wage case and, according to Stockman, wholly unrelated to Jayakumar's employment.

Rule 9011 is designed to deter exactly the kind of needless litigation-cost escalation that results when papers are presented or later advocated for an improper purpose or without adequate legal and factual support. The Court's inherent authority and 28 U.S.C. § 1927 supply additional tools when the abuse is not one isolated document but an overall course of vexatious multiplication. The Sixth Circuit has affirmed significant bankruptcy sanctions for persistent, repetitive litigation conduct that delays final resolution and forces parties to spend resources answering ever-expanding theories. In re Royal Manor Mgmt., Inc., 652 F. App'x at 334-38.

## II. PROCEDURAL HISTORY SHOWS A SINGLE DEBT DISPUTE EXPANDING LATERALLY

Jayakumar's original federal complaint was filed June 26, 2024 against MHC and Stockman. The controversy was straightforward: he claimed unpaid compensation arising from an RVU-based employment arrangement. Perez and Hart were not original parties.

In September 2025, after the case had already been pending for more than a year, Jayakumar announced that he intended to file an amended complaint adding two defendants and supplemental counts. See D.D.C. ECF No. 17. That filing did not identify a newly discovered Perez-specific transaction or a newly discovered Hart-specific transaction. The amended complaint later added both individuals and asserted wage, breach-of-contract, and fraud theories arising from the same employment relationship.

After transfer, that litigation became E.D. Mich. Case No. 1:26-cv-11779. The operative amended complaint names MHC, Stockman, Perez, and Hart. The District Court's September 15 order describes the case as alleging that those defendants failed to pay wages under the RVU employment agreement and identifies the wage, contract, and fraud claims.

Meanwhile, this adversary proceeding was used to pursue Perez in bankruptcy concerning the same alleged employment debt. Jayakumar's own July 9 Initial Disclosures repeatedly describe "MHC's employment of Dr. Jayakumar," identify the employment agreement and communications with MHC and its agents, and calculate $132,109.50 in unpaid wages and $528,438.00 in aggregate damages plus fees and costs. Adv. Proc. Doc. 21. Those disclosures show that the economic injury asserted here is not a distinct Perez transaction; it is the same MHC compensation dispute.

On August 28, 2026, Jayakumar then filed Jayakumar v. Penning, Case No. 1:26-cv-13091, against former MHC Chief Nursing Officer Jennifer Penning. The Penning complaint alleged fraud and negligent misrepresentation about the same RVU compensation arrangement and MHC payroll practices and expressly identified Case No. 1:26-cv-11779 as related. Thus Jayakumar himself acknowledged the common nucleus.

On September 15, 2026, the District Court removed any remaining doubt. Judge DeClercq consolidated the cases because they arise from the same employment relationship and "same operative facts," concern the same alleged unpaid wages, and

require “substantially overlapping discovery.” Order Consolidating Cases, ECF No. 6, Case No. 1:26-cv-11779. The court directed all future filings into the lead case.

## III. THE MATERIAL NONDISCLOSURE TO THIS COURT SUPPORTS THE BAD-FAITH INFERENCE

Stockman does not assert that Bankruptcy Rule 9011 creates a free-standing docket-reporting rule requiring every litigant to list every other lawsuit. The issue is narrower and more serious. Once Jayakumar chose to ask this Court to adjudicate facts and debt theories that were simultaneously being litigated elsewhere, the existence and consolidation of those proceedings became directly material to abstention, duplication, discovery, judicial economy, and inconsistent-results risk.

The Penning complaint itself identified the MHC case as related. The District Court then entered a formal consolidation order. According to the filings presently known to Stockman, and subject to correction if Plaintiff can identify a contrary notice, Jayakumar did not promptly advise this Court of those developments while continuing to press this adversary. That omission matters because it leaves this Court managing a proceeding without being affirmatively told that another federal judge has already found the related civil claims to involve the same operative facts and substantially overlapping discovery.

The bad-faith inference comes from the combination of conduct, not from silence alone: continued parallel merits litigation, addition of individuals, filing a second related civil action, consolidation by the District Court, continued bankruptcy litigation, and further attempted expansion to an unrelated affiliate. If Plaintiff can show that a timely

notice was filed here, he may correct this premise during the Rule 9011 safe harbor. If not, the omission is properly considered as part of the overall litigation strategy.

## IV. RULE 9011(b)(1) APPLIES TO NEEDLESS MULTIPLICATION AND LITIGATION-COST ESCALATION

Rule 9011(b)(1) requires that a paper not be presented or later advocated for an improper purpose, including harassment, unnecessary delay, or needless increase in litigation cost. Unlike a merits rule, the focus is the purpose and effect of presenting or continuing to advocate the paper under the circumstances known at the time.

The Sixth Circuit applies an objective reasonableness standard to Rule 9011 and Rule 11-type conduct. In re Downs, 103 F.3d at 481. It also requires care and specific findings before sanctions, especially when responsibility is shared between client and lawyer. In re Big Rapids Mall Assocs., 98 F.3d at 930-31. This motion accordingly does not assume vicarious responsibility. It asks the Court to determine, after notice and response, who was responsible for the strategy of maintaining and expanding duplicative proceedings after the overlap had been judicially confirmed.

For Jayakumar personally, the relevant Rule 9011 grounds are improper purpose and factual responsibility under subsections (b)(1) and (b)(3), not merely an allegedly incorrect legal argument. Rule 9011(c)(4)(B) precludes monetary sanctions against a represented party solely for a violation of subsection (b)(2). For counsel, the Court may consider subsections (b)(1), (b)(2), and (b)(3), subject to the safe harbor and appropriate findings.

## V. SECTION 1927 PROVIDES A SEPARATE BASIS AGAINST COUNSEL FOR VEXATIOUS MULTIPLICATION

Section 1927 applies to attorneys who "so multipl[y] the proceedings in any case unreasonably and vexatiously" and permits the court to require payment of excess costs, expenses, and attorney fees reasonably incurred because of that conduct. 28 U.S.C. § 1927. In the Sixth Circuit, sanctions are appropriate where counsel objectively falls short of obligations owed to the court and causes additional expense, and bad faith is not always required under § 1927. In re Royal Manor Mgmt., Inc., 652 F. App'x at 337-38.

Royal Manor is particularly instructive because it arose in bankruptcy and involved not one isolated paper but repeated and expanding litigation. The Sixth Circuit affirmed a sanctions award where counsel continued to pursue repetitive, frivolous, and vexatious positions that delayed final administration and increased expense. Id. at 334-38. The court emphasized that litigation tactics hindering final resolution warrant special scrutiny in bankruptcy.

Here, if counsel knew of the lead District Court case, filed the Penning action as related to it, received the consolidation order, and nevertheless continued to press a parallel merits track in Bankruptcy Court without narrowing the case or candidly addressing the duplication, the Court could conclude that counsel reasonably should have known the strategy would multiply proceedings and force duplicative discovery and briefing.

## VI. THE COURT'S INHERENT AUTHORITY REACHES AN OVERALL BAD-FAITH COURSE OF CONDUCT

A federal court may sanction conduct undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons under its inherent authority. Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991). The Sixth Circuit recognizes that inherent-power sanctions require bad faith or conduct tantamount to bad faith and must satisfy due process. First Bank of Marietta, 307 F.3d at 512-19. The inherent power is especially useful when abusive conduct extends across a course of litigation and is not fully captured by a single procedural rule.

The Court should use that authority cautiously. But if the evidence shows that Jayakumar and counsel deliberately fragmented one compensation dispute among a bankruptcy adversary and multiple civil actions, failed to call the overlap to this Court's attention after the District Court formally consolidated the related cases, and continued adding new individuals or entities to increase pressure and litigation burden, that course of conduct is at least capable of supporting a bad-faith finding after hearing.

## VII. THE ADDITION OF HART AND THE SEPARATE PENNING SUIT SHOW THE EMPLOYEE-BY-EMPLOYEE EXPANSION

The original case did not name Hart. He was added later alongside Perez. The District Court's current lead case now includes Hart as an individual defendant to the same wage, contract, and fraud claims. Jayakumar then opened another federal case against Penning, another former MHC employee, based on recruitment and payroll representations connected to the same claimed debt. The District Court has now consolidated those cases.

This employee-by-employee expansion is important because it demonstrates why parallel Bankruptcy Court fact finding is unnecessary and burdensome. The same witnesses, employment agreement, recruitment communications, payroll records, RVU calculations, work-location records, and damage computations are relevant across the civil cases and this adversary. One court has already centralized those civil issues. The Bankruptcy Court should not be used to recreate them through another discovery track.

## VIII. THE ATTEMPT TO INTRODUCE GLBS FURTHER SUPPORTS A FINDING OF IMPROPER EXPANSION

Stockman understands Plaintiff has now mentioned Great Lakes Bay Staffing, Inc. in connection with this adversary. GLBS was not a defendant in the original wage case. The District Court's consolidation order describes the employment relationship as Jayakumar's employment with MHC and does not identify GLBS as his employer, contractual counterparty, or wage payor. Jayakumar's July 9 Initial Disclosures likewise describe MHC's employment and MHC documents, not GLBS employment.

Stockman affirmatively disputes that GLBS employed Jayakumar, contracted with him, paid him wages, supervised him, billed for his work, or participated in the alleged compensation debt. If Jayakumar has contrary evidence, Rule 9011 requires a reasonable factual basis before an affiliate is injected into a federal proceeding. Discovery is not a license to add entities first and search for a theory later.

The safe-harbor cure is straightforward: withdraw unsupported GLBS contentions, identify the actual evidentiary basis if one exists, or seek leave with a specific proffer explaining the entity's direct relevance. Failure to do so after formal Rule 9011 notice

would strengthen the inference that the purpose is expansion and pressure rather than adjudication of a coherent claim.

## IX. THE DISTRICT COURT CONSOLIDATION ORDER MAKES THE DUPLICATION OBJECTIVELY UNDENIABLE

The sanctions analysis does not require this Court to decide whether Jayakumar was initially entitled to sue different actors on different theories. The decisive change occurred when the District Court itself examined the two civil cases and consolidated them. Its September 15 order found the actions involve common factual questions, arise from the same employment relationship, concern the same alleged unpaid wages, and will require substantially overlapping discovery. It directed all future filings to the lead case.

That order is a neutral judicial confirmation of the overlap. From that point forward, continued advocacy of a bankruptcy proceeding as an independent vehicle to re-litigate the same recruitment, payroll, fraud, compensation, causation, and damages questions required a serious justification. The proper bankruptcy-specific question, if otherwise timely and sufficiently pleaded, is dischargeability after the existence and amount of a debt are established—not a third merits trial of the employment dispute.

## X. THE REQUESTED SANCTIONS ARE DESIGNED FOR DETERRENCE, NOT RETRIBUTION

Rule 9011 sanctions must be limited to what suffices to deter repetition or comparable conduct. Fed. R. Bankr. P. 9011(c)(4). Stockman therefore does not ask for an arbitrary windfall. Nor does he seek attorney fees for his own pro se time. The primary requested relief is corrective and nonmonetary: disclosure of related cases,

narrowing or withdrawal of duplicative debt-liquidation issues, leave of Court before further entity expansion, and a formal admonition.

If those measures are insufficient, the Court may impose a monetary penalty payable to the Court. It may also award legally recoverable out-of-pocket expenses directly caused by a Rule 9011 violation if properly documented. Against counsel, § 1927 separately permits excess costs, expenses, and attorney fees reasonably caused by unreasonable and vexatious multiplication, although Stockman personally does not claim attorney fees for his own time.

If Plaintiff withdraws or appropriately corrects the challenged conduct during the safe harbor, this Rule 9011 motion will not be filed. That is the purpose of the safe harbor. If Plaintiff refuses to correct after the District Court has already centralized the related cases, the Court will have a much clearer record on intent, reasonableness, and deterrence.

## XI. CONCLUSION

The federal District Court has already determined that Jayakumar's civil cases arise from the same operative facts and require substantially overlapping discovery. A bankruptcy adversary should not be used as another forum to re-liquidate that same debt while the same controversy is expanded to additional employees and affiliates. After the Rule 9011 safe harbor, if Jayakumar and counsel decline to withdraw, narrow, and disclose the overlapping proceedings, the Court should impose sanctions sufficient to deter further multiplication and protect the efficient administration of this case.

Respectfully submitted,
**/s/ David Stockman**
David Stockman, Third-Party Defendant, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Phone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: October 10, 2026