**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

| | |
|---|---|
| In re:<br>**MAGDALENA PEREZ,**<br>Debtor. | Case No. 24-21078-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| **KISHORE JAYAKUMAR,**<br>Plaintiff,<br>v.<br>**MAGDALENA PEREZ,**<br>Defendant / Third-Party Plaintiff,<br>v.<br>**DAVID STOCKMAN and**<br>**MICHIGAN HEALTH CLINIC,**<br>Third-Party Defendants.<br>________________________________/ | Adv. Proc. No. 26-02010-dob |

**THIRD-PARTY DEFENDANT DAVID STOCKMAN'S MOTION TO DISMISS THE ENTIRE ADVERSARY PROCEEDING AND THIRD-PARTY COMPLAINT OR, IN THE ALTERNATIVE, FOR PERMISSIVE ABSTENTION, ABEYANCE, STAY, AND AN EXPRESS RULE 9011 WARNING**

Third-Party Defendant David Stockman, appearing pro se solely on his own behalf, moves under Fed. R. Bankr. P. 7008, 7009, 7012, 7014, 5011, and 9011; Fed. R. Civ. P. 8, 9(b), 10, 12(b)(6), 12(e), 14(a)(2)(C), and 14(a)(4); 28 U.S.C. § 1334(c)(1); and 11 U.S.C. § 105(a) for dismissal of this adversary proceeding in its entirety and dismissal of the derivative third-party complaint against Stockman. Alternatively, Stockman requests permissive abstention from liquidation of the underlying wage/contract/fraud dispute, abeyance of any genuinely bankruptcy-specific dischargeability issue, a stay of duplicative discovery, and an express nonmonetary warning that further duplicative, frivolous, entity-expanding, or factually unsupported filings may implicate Fed. R. Bankr. P. 9011 and the Court’s inherent authority.

This is not a request for monetary sanctions. Stockman recognizes that a sanctions motion under Rule 9011(c) has separate procedural requirements. The present request is for dismissal and case-management relief, together with a warning designed to prevent further multiplication of proceedings.

**RELIEF REQUESTED**

1. Dismiss Jayakumar's adversary complaint because it does not plausibly establish a nondischargeable debt owed personally by Perez, and because the § 523 theories fail to plead the debtor-specific facts and mental states required by §§ 523(a)(2)(A) and 523(a)(6);
2. Dismiss the derivative third-party complaint against Stockman under Civil Rule 14(a)(4), or dismiss it without prejudice if the Court concludes that any derivative claim should await determination of the underlying debt;
3. Alternatively, abstain under 28 U.S.C. § 1334(c)(1) from liquidating the underlying wage, contract, fraud, and damages dispute; hold the dischargeability adversary in abeyance; and stay discovery until the consolidated District Court action, Case No. 1:26-cv-11779, determines whether any debt exists and its amount;
4. Require Plaintiff, before any merits discovery proceeds, to establish the timeliness basis for a 2026 nondischargeability complaint following a December 3, 2024 discharge, including any reliance on 11 U.S.C. § 523(a)(3)(B);
5. Strike or require a more definite statement of allegations that conflate MHC, Perez, Stockman, Great Lakes Bay Staffing, Inc. ("GLBS"), or other affiliated entities

without identifying which entity employed Jayakumar, which actor made which representation, and how any particular act created a debt owed by Perez;

6. Deny further expansion to new persons or entities absent leave of Court and a Rule 9011-compliant factual basis demonstrating a direct nexus to Jayakumar's employment and claimed debt;
7. Expressly warn Plaintiff and counsel that continued duplicative, frivolous, entity-expanding, or factually unsupported filings may warrant appropriate action after notice and an opportunity to respond; and
8. Grant such other relief as the Court deems just and proper.

**GROUNDS**

1. The original June 26, 2024 wage suit was brought against MHC and Stockman. Perez was not an original defendant. She was added approximately fifteen months later when Jayakumar announced an amended complaint adding two defendants, but the filing announcing that amendment identified no newly discovered fact explaining why Perez had suddenly become personally liable for MHC's wage obligation. Additionally, Perez at the time was in bankruptcy.
2. Jayakumar's own July 9, 2026 Initial Disclosures in this adversary repeatedly describe "MHC's employment of Dr. Jayakumar," identify the employment agreement and communications with MHC, and calculate the same unpaid-wage damages being pursued in District Court. MHC is therefore the actual contractual counterparty and alleged employer. Any separate personal debt of Perez must be

pleaded and proved; it cannot be assumed from corporate title, representative conduct, or association with MHC.

3. The Eastern District of Michigan has already consolidated two Jayakumar suits because they arise from the same employment relationship, the same alleged unpaid wages, the same operative facts, and substantially overlapping discovery. Order Consolidating Cases, Jayakumar v. Michigan Health Clinics, P.C., No. 1:26-cv-11779, ECF No. 6 (E.D. Mich. Sept. 15, 2026). The District Court directed all future filings into Case No. 1:26-cv-11779.

4. This adversary seeks to litigate the same compensation arrangement, alleged representations, payroll conduct, unpaid wages, intent, causation, and damages again in Bankruptcy Court. The Sixth Circuit disfavors splitting claims arising from the same facts across multiple fora. Church Joint Venture, L.P. v. Blasingame, Nos. 19-5592/5593/5646/5649, 2020 WL 3128269, at *3-4 (6th Cir. June 10, 2020); Ellis v. Gallatin Steel Co., 390 F.3d 461, 479 (6th Cir. 2004).

5. The pattern continues to expand. Stockman understands Plaintiff now to be invoking GLBS in this adversary. GLBS was not a defendant in the original wage suit, is not identified in the District Court's consolidation order as an employer or contracting party, and is not identified in Jayakumar's July 9 Initial Disclosures as his employer, contractual counterparty, or wage payor. Stockman disputes that GLBS had any employment, payroll, billing, or contractual relationship with Jayakumar. If Plaintiff intends to rely on GLBS, the pleading must identify a concrete factual nexus rather than add another affiliated entity to an already sprawling dispute.

6. Section 523(a)(6) requires a deliberate or intentional injury by the debtor, not merely intentional conduct that results in nonpayment. Kawaauhau v. Geiger, 523 U.S. 57, 61-64 (1998); Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 464 (6th Cir. 1999). A wage or contract dispute does not satisfy that standard without facts showing Perez intended the injury itself.

7. Section 523(a)(2)(A) requires a debt traceable to fraud and facts supporting misrepresentation/actual fraud, fraudulent intent, justifiable reliance, and causation. See Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert), 141 F.3d 277, 280-81 (6th Cir. 1998). Rule 9(b) additionally requires particularity. Collective allegations about "MHC," "defendants," corporate officers, or newly mentioned affiliates do not substitute for debtor-specific facts.

8. Michigan law generally does not make a corporate officer personally liable for the corporation's contracts merely because the officer acted for the company. Sullivan v. Miller, No. 25-1773, slip op. at 5-7 (6th Cir. Aug. 6, 2026). This does not foreclose a properly pleaded statutory-employer or tort theory; it means Plaintiff must plead the actual legal and factual basis for a debt owed by Perez personally, rather than treating the corporate employer and every associated person or entity as interchangeable.

9. If any potentially viable bankruptcy-specific claim survives, Judge Opperman's approach in Hakes supplies the orderly alternative: allow the preexisting nonbankruptcy forum to determine the underlying liability and amount, hold the § 523 proceeding in abeyance, and then determine dischargeability. Hakes v. Old

Republic Ins. Co. (In re Hakes), No. 2:15-cv-12720, ECF No. 16 (E.D. Mich. Feb. 8, 2016) (affirming abstention and abeyance).

10. The objective chronology supports a finding that this proceeding is being used to multiply forums and parties rather than resolve a distinct bankruptcy controversy. At minimum, it warrants strict case management and an express Rule 9011 warning. Rule 9011(b) prohibits papers presented for improper purpose, including harassment, unnecessary delay, or needless increase in litigation cost, and requires legal and factual contentions to have a proper basis.

**STATEMENT REGARDING AUTHORITY AND CONSENT**

Stockman appears pro se solely on his own behalf and does not purport to represent Perez or Michigan Health Clinics, P.C. ("MHC"). Under Fed. R. Civ. P. 14(a)(2)(C), incorporated by Fed. R. Bankr. P. 7014, a third-party defendant may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim. Under Rule 14(a)(4), the Court may strike, sever, or separately try a third-party claim. Stockman therefore seeks dismissal of the third-party claims against him and invokes Rule 14(a)(2)(C) to raise threshold defenses to Plaintiff's claim. To the extent required by Fed. R. Bankr. P. 7012(b), Stockman consents to entry of a final order on dismissal, abstention, abeyance, and case-management relief as to claims against him, but does not consent to final adjudication of non-core liability beyond the Court's constitutional authority.

**CONCERRENCE - COMPLETE BEFORE FILING**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.
_______________________________/

Adv. Proc. No. 26-02010-dob

**EXHIBIT 1 - PROPOSED ORDER GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, ABSTAINING AND HOLDING ADVERSARY PROCEEDING IN ABEYANCE**

Upon consideration of Third-Party Defendant David Stockman's Motion to Dismiss the Entire Adversary Proceeding and Third-Party Complaint, or in the Alternative for Permissive Abstention, Abeyance, Stay, and an Express Rule 9011 Warning, and the record of this matter, IT IS ORDERED:

1. The Motion is GRANTED to the extent set forth below;
2. Plaintiff Kishore Jayakumar's adversary complaint is DISMISSED [WITH / WITHOUT] PREJUDICE for failure to state a claim upon which relief may be granted; OR, if the Court declines complete dismissal, any legally insufficient count under 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6) is DISMISSED as specified by the Court;

3. The derivative third-party claims against David Stockman are DISMISSED [WITH / WITHOUT] PREJUDICE; OR, if not dismissed, they are STAYED pending adjudication of the underlying debt;
4. In the alternative to complete dismissal, pursuant to 28 U.S.C. § 1334(c)(1), the Court permissively ABSTAINS from determining the underlying nonbankruptcy liability and amount of the alleged wage/contract/fraud debt while E.D. Mich. Case No. 1:26-cv-11779 remains pending;
5. Any surviving dischargeability claim is HELD IN ABEYANCE pending final determination of the existence and amount of any debt in Case No. 1:26-cv-11779;
6. Discovery and merits deadlines in this adversary are STAYED during the abeyance period absent further order of this Court;
7. Before any surviving nondischargeability claim proceeds, Plaintiff shall identify the statutory and factual basis for timeliness under Fed. R. Bankr. P. 4007 and 11 U.S.C. § 523(a)(3)(B), if applicable;
8. Plaintiff shall not add or inject additional persons or entities into this adversary without leave of Court and a factual proffer identifying the specific conduct and legal nexus of the proposed person or entity to the alleged debt;
9. Plaintiff and counsel are ADVISED that filings presented for an improper purpose, that needlessly increase litigation cost, or that lack a legally or factually adequate basis may subject the responsible person to appropriate relief under Fed. R. Bankr. P. 9011 or the Court's inherent authority after notice and an opportunity to respond; and

10. The Court retains jurisdiction over any bankruptcy-specific matter properly remaining after resolution of the consolidated District Court action.

**IT IS SO ORDERED.**

______________________________________
Hon. Daniel S. Opperman
United States Bankruptcy Judge
Dated: ______________________

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

| | |
|---|---|
| In re:<br>**MAGDALENA PEREZ,**<br>Debtor. | Case No. 24-21078-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| **KISHORE JAYAKUMAR,**<br>Plaintiff,<br>v.<br>**MAGDALENA PEREZ,**<br>Defendant / Third-Party Plaintiff,<br>v.<br>**DAVID STOCKMAN and**<br>**MICHIGAN HEALTH CLINIC,**<br>Third-Party Defendants.<br>______________________________/ | Adv. Proc. No. 26-02010-dob |

**EXHIBIT 2 - NOTICE OF MOTION AND OPPORTUNITY TO OBJECT**

PLEASE TAKE NOTICE that Third-Party Defendant David Stockman has filed a Motion to Dismiss the Entire Adversary Proceeding and Third-Party Complaint or, in the Alternative, for Permissive Abstention, Abeyance, Stay, and an Express Rule 9011 Warning.

If you object to the relief requested, you must file and serve a written response within the time provided by the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9014-1. For most motions under LBR 9014-1(c)(2), the objection period is 14 days after service unless another rule requires a different period.

Your response must be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Michigan and served on the parties entitled to notice. If no timely response is filed, the Court may grant the requested relief without further notice or hearing to the extent permitted by the Rules and the Court's procedures.

Respectfully submitted,
**/s/ David Stockman**
David Stockman, Third-Party Defendant, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Phone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: October 10, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

| | |
|---|---|
| In re:<br>**MAGDALENA PEREZ,**<br>Debtor. | Case No. 24-21078-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| **KISHORE JAYAKUMAR,**<br>Plaintiff,<br>v.<br>**MAGDALENA PEREZ,**<br>Defendant / Third-Party Plaintiff,<br>v.<br>**DAVID STOCKMAN and**<br>**MICHIGAN HEALTH CLINIC,**<br>Third-Party Defendants.<br>_______________________________/ | Adv. Proc. No. 26-02010-dob |

**EXHIBIT 3 - BRIEF IN SUPPORT OF MOTION TO DISMISS THE ENTIRE ADVERSARY PROCEEDING OR, IN THE ALTERNATIVE, FOR ABSTENTION, ABEYANCE, STAY, AND RULE 9011 WARNING**

## I. INTRODUCTION

This adversary should be dismissed because it takes a single employment-compensation dispute and keeps expanding it into new defendants, new entities, new forums, and new layers of derivative litigation without supplying the debtor-specific factual bridge required for a nondischargeability case. Jayakumar's original June 2024 wage suit was against MHC and David Stockman. Perez was not named. More than a year later, Jayakumar amended the case to add Perez and Brian Hart. His September 25, 2025 filing announced that he intended to add two defendants and supplemental counts, but did not identify a newly discovered act by Perez that transformed MHC's alleged wage obligation into a personal debt owed by Perez.

That distinction matters. The operative employment dispute is about an RVU-based employment agreement with MHC and alleged unpaid compensation. Jayakumar's own

July 9, 2026 Initial Disclosures in this adversary describe "MHC's employment of Dr. Jayakumar," identify the employment agreement and communications between Jayakumar and MHC, and seek $132,109.50 in alleged unpaid wages plus treble damages. The District Court likewise describes the operative case as alleging that MHC, Stockman, Perez, and Hart failed to pay wages earned under an RVU-based employment agreement and has now consolidated Jayakumar's later suit against Jennifer Penning because both arise from the same operative facts and require substantially overlapping discovery.

The problem is not merely duplication. The theory is becoming progressively less coherent. Plaintiff is now invoking Great Lakes Bay Staffing, Inc. ("GLBS"), an entity that was not part of the original wage action and that Stockman disputes had any employment, payroll, billing, contractual, or supervisory relationship with Jayakumar. GLBS does not appear in the District Court's September 15 consolidation order as Jayakumar's employer or contracting party, and Jayakumar's July 9 Initial Disclosures do not identify GLBS as an employer, contractual counterparty, wage payor, or document custodian. Adding another affiliated entity without pleading what it actually did makes the case more confusing; it does not make a nondischargeability claim more plausible.

The Court should stop the procedural expansion now. The complaint must first establish that Perez personally owes a legally cognizable debt. It must then plead a statutory ground for nondischargeability with the required debtor-specific intent and, for fraud, the particularity required by Rule 9(b). It must also explain the timeliness basis

for a 2026 § 523(a)(2)/(a)(6) action following a 2024 Chapter 7 case and December 3, 2024 discharge. If those threshold defects are not cured by facts already properly pleaded, dismissal is appropriate. If the Court concludes a bankruptcy-specific dischargeability issue may survive, the Court should abstain from duplicating the underlying wage/fraud litigation and hold this adversary in abeyance until the consolidated District Court action determines whether any debt exists and its amount.

## II. RELEVANT PROCEDURAL HISTORY SHOWS PROGRESSIVE MULTIPLICATION

1. On June 26, 2024, Jayakumar filed his original wage action in the District of Columbia against Michigan Health Clinics, P.C. and David Stockman. Perez was not an original defendant.

2. On September 25, 2025, after prior counsel had withdrawn and new counsel appeared, Jayakumar filed a response stating that he intended to file an amended complaint that would "add two (2) Defendants and supplemental Counts." The filing identified the proposed procedural expansion but did not identify a newly discovered fact explaining why either newly added individual was personally liable for the alleged wage debt.

3. On October 14, 2025, Jayakumar filed the amended complaint adding Magdalena Perez and Brian Hart. He later sought summonses for both individuals.

4. On December 4, 2025, after learning of Perez's bankruptcy, Jayakumar moved in the D.C. case to stay proceedings against Perez, while expressly reserving a claimed right to resume litigating against her.

5. In 2026, after transfer to the Eastern District of Michigan, the wage case proceeded as Jayakumar v. Michigan Health Clinics, P.C., No. 1:26-cv-11779. The operative amended complaint asserts DCWPCL, breach-of-contract, and fraud claims arising from the alleged RVU compensation and unpaid wages.

6. Jayakumar then filed a separate 2026 action against Jennifer Penning arising from the same recruitment, compensation arrangement, payroll practices, and alleged unpaid wages. On September 15, 2026, Judge Susan K. DeClercq consolidated the cases, finding they arise from "the same operative facts," will require "substantially overlapping discovery," and should be centralized to resolve the dispute more efficiently.

7. Meanwhile, Jayakumar commenced this bankruptcy adversary against Perez based on the same alleged employment debt. Perez then filed derivative third-party claims against Stockman and MHC. The result is the same employment dispute simultaneously generating a consolidated District Court case, a bankruptcy nondischargeability case, and derivative third-party litigation.

8. Most recently, Plaintiff has begun invoking GLBS. Stockman disputes any nexus between GLBS and Jayakumar's employment, wages, billing, or contract. The unexplained appearance of yet another affiliated entity underscores the need for dismissal, a more definite statement, or strict limitation of the proceeding.

## III. GOVERNING STANDARDS

### A. Rule 12(b)(6), Rules 8 and 9(b)

Bankruptcy Rule 7012 incorporates Civil Rule 12(b)-(i). A complaint must contain enough factual matter, accepted as true, to state a plausible claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Labels, conclusions, and collective allegations that do not identify who did what are insufficient. Bankruptcy Rule 7009 incorporates Civil Rule 9. When nondischargeability is predicated on fraud, the circumstances constituting fraud must be stated with particularity. See Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).

### B. Rule 14 permits Stockman to raise defenses to Plaintiff's claim and challenge derivative third-party claims

Bankruptcy Rule 7014 incorporates Civil Rule 14. Rule 14(a)(2)(C) expressly permits a third-party defendant to assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim. Rule 14(a)(4) permits any party to move to strike a third-party claim, sever it, or try it separately. Stockman therefore does not appear for Perez or MHC; he raises threshold defenses authorized by Rule 14 and separately seeks dismissal of the claims asserted against him.

### C. Duplicative litigation and claim splitting may be dismissed or stayed

The Sixth Circuit recognizes a federal court's inherent discretionary authority to dismiss or stay duplicative litigation. Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997). Plaintiffs generally must join claims arising from the same set of facts in one proceeding rather than split them across multiple fora. Ellis v. Gallatin Steel Co., 390 F.3d 461, 479 (6th Cir. 2004). In Church Joint Venture, the Sixth Circuit affirmed

dismissal where a creditor repeatedly repackaged the same factual controversy across bankruptcy and district-court proceedings, emphasizing the expense and vexation of multiple suits, wasted judicial resources, and risk of inconsistent decisions. Church Joint Venture, L.P. v. Blasingame, Nos. 19-5592/5593/5646/5649, 2020 WL 3128269, at *3-4 (6th Cir. June 10, 2020).

**D. Permissive abstention and abeyance are available**

Under 28 U.S.C. § 1334(c)(1), a bankruptcy court may abstain in the interest of justice, comity, or respect for nonbankruptcy law. In Hakes, Judge Opperman abstained from determining an underlying fraud claim already being litigated in state court and held the related § 523 adversary in abeyance; the District Court affirmed. Hakes v. Old Republic Ins. Co. (In re Hakes), No. 2:15-cv-12720, ECF No. 16 (E.D. Mich. Feb. 8, 2016). The District Court emphasized that the bankruptcy court did not abdicate the dischargeability determination: after the underlying litigation fixed the potential debt, the Bankruptcy Court would determine dischargeability.

**IV. THE COMPLAINT FAILS TO PLAUSIBLY ESTABLISH A DEBT OWED PERSONALLY BY PEREZ**

Nondischargeability presupposes a debt owed by the debtor. The employment agreement and the litigation history identify MHC as the contractual employer and the entity alleged to owe compensation. Jayakumar's own Initial Disclosures repeatedly describe "MHC's employment of Dr. Jayakumar" and identify the employment agreement and communications with MHC. The District Court's consolidation order

likewise characterizes the dispute as arising from Jayakumar's employment with MHC and MHC's RVU compensation and payroll practices.

Michigan law generally does not impose a corporation's contractual debts on an officer merely because the officer acted for the company. Sullivan v. Miller, No. 25-1773, slip op. at 5-7 (6th Cir. Aug. 6, 2026); Lexon Ins. Co. v. Naser, 781 F.3d 335, 340-41 (6th Cir. 2015). A representative signature or corporate title does not by itself create a personal guaranty or individual contractual obligation. Sullivan, slip op. at 5-7; Innovation Ventures, LLC v. Custom Nutrition Labs., LLC, 912 F.3d 316, 336 (6th Cir. 2018).

This does not mean an officer can never have individual liability under a wage statute or tort theory. It means the complaint must plead the particular legal and factual basis that makes Perez personally liable. If Jayakumar claims Perez individually qualified as an "employer," he must plead facts showing the operational or compensation control required by the governing statute. If he claims fraud, he must identify Perez's own false statement, when and where she made it, what she knew, why it was false, how Jayakumar relied on it, and how it caused a debt owed by Perez. Treating MHC, Perez, Stockman, Hart, Penning, and now GLBS as an undifferentiated group does not state that claim.

The chronology heightens the pleading problem. Perez was absent from the original suit for approximately fifteen months. When Jayakumar announced his intention to add two defendants, the filing did not identify a newly discovered Perez-specific fact. That

does not by itself make amendment improper, but it makes the absence of a debtor-specific factual theory in this later § 523 case especially significant.

## V. THE § 523(a)(2)(A) THEORY FAILS WITHOUT PEREZ-SPECIFIC FRAUD AND A TRACEABLE DEBT

Under § 523(a)(2)(A), a creditor must establish a debt for money, property, services, or credit obtained by false pretenses, false representation, or actual fraud. The Sixth Circuit requires a material misrepresentation made knowingly or with gross recklessness, intent to deceive, justifiable reliance, and proximate causation. Rembert, 141 F.3d at 280-81. Fraudulent intent is subjective, and exceptions to discharge are construed narrowly against the creditor. Id.

A corporate wage dispute cannot be converted into nondischargeability merely by alleging that a corporate officer participated in communications. The complaint must tie a Perez-specific misrepresentation or actual-fraud theory to the debt sought to be excepted. Rule 9(b) requires the circumstances of fraud to be particularized. A pleading that repeatedly says "Defendants," "MHC and its agents," "management," or otherwise blends together several persons and entities fails to provide the particularized notice required for a fraud-based nondischargeability claim.

Nor can the later invocation of GLBS cure the defect. If Plaintiff contends GLBS somehow paid, employed, supervised, billed for, or contracted with Jayakumar, he must plead those facts. If no such relationship existed, GLBS has no place in the case. Adding corporate affiliates without factual allegations connecting them to the alleged debt is precisely the kind of entity sprawl that makes a fraud theory less, not more, particular.

## VI. THE § 523(a)(6) THEORY FAILS BECAUSE NONPAYMENT IS NOT A WILLFUL AND MALICIOUS INJURY

Section 523(a)(6) excepts a debt "for willful and malicious injury by the debtor." The Supreme Court holds that "willful" modifies "injury," requiring a deliberate or intentional injury, not merely an intentional act that later causes harm. Kawaauhau v. Geiger, 523 U.S. 57, 61-64 (1998). The Sixth Circuit requires that the debtor either desired the consequences or believed they were substantially certain to occur. Markowitz, 190 F.3d at 464.

That demanding standard is not met by pleading that payroll was not processed, compensation was disputed, the company lacked funds, an officer communicated about payment, or a contractual obligation went unpaid. Geiger itself cautions against a construction that would make a knowing breach of contract nondischargeable. If the complaint lacks facts showing that Perez herself intended the injury to Jayakumar, rather than merely participated in corporate operations or payment discussions, the § 523(a)(6) count must be dismissed.

Section 523(a)(6) is also expressly limited to injury "by the debtor." That language makes collective allegations especially inadequate. Plaintiff must plead Perez's own willful and malicious injury, not merely injury allegedly caused by MHC or other actors.

## VII. THE 2026 COMPLAINT PRESENTS A THRESHOLD RULE 4007(c) TIMELINESS ISSUE

Perez filed Chapter 7 in August 2024 and received a discharge on December 3, 2024. This adversary bears a 2026 case number. Rule 4007(c) ordinarily requires a

complaint under § 523(c), including claims under §§ 523(a)(2), (4), or (6), to be filed no later than 60 days after the first date set for the § 341 meeting, subject to a timely motion to extend.

An unscheduled creditor who lacked notice or actual knowledge in time to file a timely nondischargeability complaint may invoke § 523(a)(3)(B), and such a claim is treated differently for timing purposes. Stockman therefore does not ask the Court to assume a time bar without considering § 523(a)(3)(B). He asks the Court to require Plaintiff to identify the statutory basis that permits this 2026 action: when Jayakumar first had notice or actual knowledge of the bankruptcy; whether the debt was scheduled; whether he relies on § 523(a)(3)(B); and whether the complaint pleads facts satisfying that subsection. A late § 523(a)(2)/(a)(6) complaint cannot simply ignore the ordinary deadline.

Jayakumar's own December 4, 2025 filing in the former D.C. action states that he was added to Perez's creditor list on November 28, 2025 and that counsel had recently provided him bankruptcy information. Those facts may bear on § 523(a)(3)(B), but they do not eliminate the need to plead the proper statutory route for a complaint filed after discharge and after the ordinary Rule 4007(c) period.

## VIII. THE ADVERSARY IS DUPLICATIVE OF THE CONSOLIDATED DISTRICT COURT LITIGATION

The September 15, 2026 consolidation order is unusually direct. Judge DeClercq found that Jayakumar's cases arise from "the same employment relationship and alleged nonpayment of wages," "the same operative facts," concern the same recruitment, RVU

compensation, payroll practices, and unpaid wages, and "will require substantially overlapping discovery." The court consolidated them to resolve the dispute more efficiently and directed future filings to Case No. 1:26-cv-11779.

This adversary would re-open those same factual questions: who employed Jayakumar; what the RVU arrangement required; what representations were made; who controlled payroll; what services were performed; what was billed; what was paid; what remained unpaid; whether any representation was false; whether anyone intended deception or injury; and the amount of damages. Those questions are not incidental to the District Court case. They are its core.

The Bankruptcy Court has exclusive responsibility for determining dischargeability under §§ 523(a)(2) and (a)(6), but it need not duplicate liquidation of the underlying debt. Church Joint Venture warns against splitting the same factual controversy across multiple fora merely by dressing it in different legal theories. 2020 WL 3128269, at *3-4. The correct distinction is between (1) the underlying liability and amount, which the District Court is already positioned to determine, and (2) the bankruptcy-specific dischargeability effect, which this Court can determine later if necessary.

## IX. THE PATTERN SUPPORTS A FINDING OF BAD-FAITH MULTIPLICATION OR, AT MINIMUM, AN EXPRESS WARNING

Bad faith should not be inferred merely because a litigant loses or pursues an aggressive legal theory. Here, however, the procedural pattern is objectively significant: a narrow wage suit against MHC and Stockman; later expansion to Perez and Hart without an identified newly discovered factual basis in the filing announcing

amendment; a second separate action against Penning arising from the same compensation dispute; a District Court consolidation because the cases involve the same operative facts and overlapping discovery; a separate bankruptcy adversary arising from the same debt; derivative third-party litigation; and now references to GLBS, an entity Stockman disputes had any relationship to Jayakumar at all.

That sequence supports an inference that the litigation is being expanded laterally - by adding people, entities, and forums - instead of adjudicating the underlying wage dispute once. To the extent a filing asserts liability against a person or entity without a pleaded factual nexus to the alleged employment transaction or debt, the theory is objectively frivolous rather than merely duplicative. It creates the very harms identified in Church Joint Venture: expense and vexation, waste of judicial resources, and risk of inconsistent decisions. 2020 WL 3128269, at *4.

Rule 9011(b) requires that papers not be presented for an improper purpose such as harassment, unnecessary delay, or needless increase in litigation cost; legal contentions must be warranted by existing law or a nonfrivolous extension; and factual contentions must have evidentiary support or be specifically identified as likely to obtain support after investigation. Stockman is not requesting monetary sanctions through this motion. He asks the Court to expressly warn Jayakumar and counsel that further duplicative, frivolous, entity-expanding, or factually unsupported filings may result in appropriate relief under Rule 9011 or the Court's inherent authority after notice and an opportunity to respond.

The warning is particularly appropriate now because the District Court has already centralized Jayakumar's related employment litigation. If Plaintiff has evidence that another person or entity actually participated in the transaction, he should plead the specific facts and explain the legal relevance. If not, the bankruptcy case should not be used as an investigative vehicle to add affiliated names and force additional parties into discovery.

## X. THE INVOCATION OF GREAT LAKES BAY STAFFING UNDERSCORES THE RULE 8 AND RULE 9 PROBLEM

Stockman understands Plaintiff has now mentioned GLBS in connection with this adversary. That is a material development because GLBS did not appear as a defendant in the original D.C. wage action, and the District Court's consolidation order identifies the dispute as arising from Jayakumar's employment with MHC. Jayakumar's July 9 Initial Disclosures likewise identify MHC's employment agreement, MHC communications, and former MHC employees; they do not identify GLBS as an employer or contracting party.

Stockman disputes that GLBS employed Jayakumar, issued his wages, supervised him, contracted with him, billed for his work, or otherwise participated in the alleged debt. At the Rule 12 stage, the Court need not resolve Stockman's factual denial. The point is pleading sufficiency: if Plaintiff intends to make GLBS part of his theory, Rule 8 requires a short and plain factual statement explaining what GLBS actually did, and Rule 9(b) requires particularity if GLBS is connected to an alleged fraud. An unexplained corporate-affiliation reference cannot substitute for those facts.

If the current complaint does not plead a GLBS nexus, Plaintiff should not be permitted to use discovery to rewrite the case into one. If Plaintiff seeks amendment, the Court should require a proposed amended complaint that identifies each defendant or entity separately, states the factual act attributed to each, and explains why the amendment is not duplicative or futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (bad faith, undue delay, prejudice, and futility are reasons to deny leave).

## XI. PERMISSIVE ABSTENTION AND ABEYANCE ARE THE MINIMUM APPROPRIATE RELIEF IF DISMISSAL IS NOT GRANTED

1. **Efficient administration:** The District Court can determine liability and damages once. Parallel litigation in Bankruptcy Court adds no efficiency to Perez's completed Chapter 7 case.

2. **Predominance of nonbankruptcy law:** The underlying merits turn on employment compensation, contract, wage statutes, fraud, agency, and damages. The bankruptcy-specific question is dischargeability after a debt is established.

3. **Related nonbankruptcy proceeding:** Case No. 1:26-cv-11779 is active and already includes MHC, Stockman, Perez, and Hart. It has been consolidated with the Penning action specifically because of common operative facts and overlapping discovery.

4. **Independent jurisdictional basis:** The District Court action proceeds independently of bankruptcy jurisdiction.

5. **Feasibility of severing issues:** Liability and amount can be decided in District Court; dischargeability can remain for this Court. Hakes approves exactly that sequencing.

**6. Docket burden and inconsistent findings:** Two courts need not conduct overlapping discovery and make potentially inconsistent findings on compensation, intent, reliance, causation, and damages.

**7. Nondebtor parties:** Most participants - MHC, Stockman, Hart, Penning, and any GLBS witnesses - are nondebtors and are tied to the underlying employment dispute, not the narrow bankruptcy question.

**8. Forum shopping / multiplication:** The expansion from the original two defendants to additional individuals, a second civil action, this adversary, derivative third-party claims, and now GLBS creates a substantial appearance of forum and party multiplication.

Hakes is controlling in practical logic even if not binding as a published appellate precedent. Judge Opperman already used abeyance to avoid duplicating an underlying fraud dispute, and the District Court affirmed. Here the case for abeyance is stronger because the related action is already in the same federal district and has already been consolidated for efficiency.

## XII. THE THIRD-PARTY COMPLAINT AGAINST STOCKMAN SHOULD BE DISMISSED OR STAYED

Rule 14 is designed for derivative liability. If Perez contends Stockman must reimburse or indemnify her for a debt that has not yet been established, the claim is premature in practical effect and should follow, not precede, determination of the underlying liability. If the third-party pleading instead asserts independent claims

unrelated to derivative liability, those claims are not proper Rule 14 impleader and should be severed or dismissed. Fed. R. Civ. P. 14(a)(4).

The tension is especially pronounced if Jayakumar's nondischargeability theory depends on Perez's own intentional fraud or willful injury. A traditional common-law indemnity theory ordinarily presupposes that the indemnitee is free from personal fault. A finding that Perez herself committed intentional fraud or willful and malicious injury would be difficult to reconcile with shifting that same personal fault wholesale to Stockman. At minimum, derivative allocation issues should not be litigated before the underlying debt and basis of liability are fixed.

## XIII. FURTHER AMENDMENT SHOULD NOT BE ALLOWED WITHOUT A SPECIFIC FACTUAL PROFFER

Plaintiff has already had the original complaint, a substantial amended complaint, later litigation against Penning, and now a bankruptcy adversary. The Court should not permit further expansion simply to add more corporate affiliates or individuals. Any request to amend should identify the exact newly discovered fact, the date it was discovered, the proposed legal claim, the factual conduct of the proposed party, and why the claim could not have been presented in the already-consolidated District Court action.

This is not a request to prevent legitimate claims. It is a request to require the ordinary discipline of Rules 8, 9, 15, and 9011 before another person or entity is pulled into litigation. If Plaintiff cannot identify facts connecting GLBS or another proposed

entity to Jayakumar’s employment or alleged debt, amendment would be futile and prejudicial.

## XIV. CONCLUSION

This adversary has moved beyond a focused dischargeability dispute. The same debt is already before the District Court in consolidated employment litigation. Jayakumar’s disclosures identify MHC’s employment agreement and MHC’s employment of him. Perez was not an original defendant and was later added without an identified new factual basis in the filing announcing amendment. This adversary repeats the same wage, contract, fraud, intent, and damages issues, creates derivative claims, and now invokes GLBS without an apparent factual nexus.

The Court should dismiss the adversary and derivative third-party complaint. At minimum, it should dismiss deficient §§ 523(a)(2)(A) and (a)(6) theories; require Plaintiff to establish the Rule 4007/§ 523(a)(3)(B) timeliness basis; abstain from liquidation of the underlying debt; hold any surviving dischargeability issue in abeyance; stay duplicative discovery; and warn against further frivolous or unsupported expansion.

Respectfully submitted,
**/s/ David Stockman**
David Stockman, Third-Party Defendant, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Phone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: October 10, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.
_______________________________/

Adv. Proc. No. 26-02010-dob

## EXHIBIT 4 - CERTIFICATE OF SERVICE

I certify that on October 10, 2026, I served the Motion to Dismiss, Proposed Order (Exhibit 1), Notice of Motion and Opportunity to Object (Exhibit 2), and Brief in Support (Exhibit 3).
Service was made through the Court's CM/ECF system on all registered participants entitled to electronic notice. Any party entitled to service who was not a registered CM/ECF participant was served by first-class U.S. Mail at that party's address of record.
I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,
**/s/ David Stockman**
David Stockman, Third-Party Defendant, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Phone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: October 10, 2026