**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF MICHIGAN**

**NORTHERN DIVISION (BAY CITY)**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.

Adv. Proc. No. 26-02010-dob

---

**THIRD-PARTY DEFENDANT DAVID STOCKMAN'S FIRST INTERROGATORIES TO PLAINTIFF KISHORE JAYAKUMAR**

Third-Party Defendant David Stockman, appearing pro se only on his own behalf, serves these interrogatories under Fed. R. Civ. P. 26 and 33, made applicable by Fed. R. Bankr. P. 7026 and 7033.

Unless otherwise ordered or stipulated, written responses are due within the time provided by the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

## Definitions and Instructions

1. "Relevant Period" means November 1, 2023 through June 30, 2024, unless a request states a different period.
2. "CDC" means Clinical Dermatology Center, LLC, including its Chantilly and Arlington, Virginia locations and any related entity through which Plaintiff provided services.

3. "MHC" means Michigan Health Clinics, P.C., and any agent or person Plaintiff contends acted for MHC in relation to his employment or compensation.
4. "Identify" a person means state the person's full name, employer/affiliation, title or role, and last-known business contact information. "Identify" a document means state its date, author/sender, recipient, general subject, and present custodian.
5. If information is withheld on privilege grounds, identify the nature of the information withheld sufficiently to permit assessment of the privilege without revealing privileged matter.
6. Supplement responses as required by Fed. R. Civ. P. 26(e).

**Interrogatories**

1. Identify every person with knowledge of the facts supporting your claim for unpaid wages, the work you contend you performed for MHC, the location from which you performed that work, and the amount of compensation you claim.
2. Identify every employer, medical practice, health system, professional corporation, staffing company, or other entity for which you performed compensated professional services from January 1, 2023 through December 31, 2024.
3. Identify every physical location from which you performed any service you contend was for MHC during the Relevant Period, stating the dates associated with each location.
4. Identify each date during the Relevant Period on which you contend you performed compensable work for MHC and, for each date, state the general type of work, approximate duration, and physical location from which the work was performed.

5. Identify each date from January 1, 2023 through December 31, 2024 on which you performed in-person or telehealth services for Clinical Dermatology Center ("CDC"), and state the CDC location or other physical location from which you worked.
6. Identify each calendar day during the Relevant Period on which you performed services for CDC and also performed, or now claim to have performed, services for MHC; for each such day state the time devoted to each entity and your physical location.
7. State all facts on which you rely to contend that District of Columbia wage law applies to your claims, including facts concerning your physical work location and any District of Columbia office you contend you used for MHC work.
8. State the complete calculation of the $132,109.50 in unpaid wages stated in your July 9, 2026 Initial Disclosures, broken down by date, pay period, service, rate, hours, RVUs, or other unit used.
9. State the complete calculation of the $528,438.00 aggregate damages stated in your July 9, 2026 Initial Disclosures and identify each statute, multiplier, or other component used.
10. Identify all W-2, 1099, K-1, payroll, stipend, bonus, commission, or other compensation payors for calendar years 2023 and 2024.
11. Identify the timekeeping, scheduling, payroll, badge-access, electronic-health-record, practice-management, billing, and telehealth systems used by CDC to record your work, attendance, compensation, patient schedule, billing, or productivity in 2023 and 2024.

12. Identify every CDC owner, physician, manager, supervisor, human-resources employee, scheduler, payroll employee, biller, or IT/EHR administrator with material knowledge of your CDC employment, attendance, billing, schedule, or compensation during 2023 and 2024.
13. Identify the CDC employees or contractors who regularly worked with you or had first-hand knowledge of whether you were physically present at CDC during the Relevant Period.
14. Identify each vacation, PTO, sick-leave, CME-leave, other leave, absence, scheduled day off, or approved schedule change from CDC during 2023 and 2024.
15. Identify all meetings, administrative blocks, training sessions, conferences, CME events, provider meetings, management meetings, and other scheduled non-patient events on your CDC calendar during 2023 and 2024.
16. Identify every instance during the Relevant Period in which you performed MHC work by telemedicine or remote connection and state the physical location from which you connected.
17. Identify calendars, appointment schedules, travel records, receipts, device records, timekeeping records, badge records, login records, billing records, or other objective records that can show your location or work activity during the Relevant Period.
18. Identify all communications with CDC concerning your schedule, availability, outside employment, MHC, telemedicine work, PTO, leave, absences, or schedule conflicts during 2023 and 2024.

19. Identify communications with Magdalena Perez, David Stockman, Brian Hart, Jennifer Penning, or any MHC representative concerning your schedule, work location, hours, services, pay, compensation, or claimed unpaid wages.
20. Identify each communication in which you directed, referred, or instructed MHC, David Stockman, or another MHC representative to communicate with a Michigan attorney concerning you, your employment, your compensation, or a dispute with MHC; identify the attorney and approximate date.
21. Identify every document on which you rely to contend that you physically performed MHC work in the District of Columbia during the Relevant Period.
22. Identify any responsive document, ESI source, account, device, or record that has been lost, deleted, destroyed, replaced, or become inaccessible since January 1, 2023, and describe the circumstances.
23. Identify every payment, credit, setoff, reimbursement, or other compensation that you contend should or should not be applied when calculating the amount allegedly owed by MHC.
24. Identify every factual basis on which you contend Great Lakes Bay Staffing, Inc. employed you, contracted with you, paid you, supervised you, scheduled you, billed for services attributed to you, or otherwise became liable for any portion of the compensation dispute.

Respectfully submitted,

**/s/ David Stockman**
David Stockman, Pro Se - Third-Party Defendant
5805 McCarty Road, Saginaw, Michigan 48603 | dstockma4@icloud.com | (989) 341-3017
Dated: October 13, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION (BAY CITY)**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.

Adv. Proc. No. 26-02010-dob

---

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, I served Third-Party Defendant David Stockman's First Interrogatories to Plaintiff Kishore Jayakumar through the Court's CM/ECF system on all registered participants entitled to electronic notice in Adv. Proc. No. 26-02010-dob.

Respectfully submitted,
**/s/ David Stockman**
David Stockman, Pro Se - Third-Party Defendant
5805 McCarty Road, Saginaw, Michigan 48603 | dstockma4@icloud.com | (989) 341-3017
Dated: October 13, 2026

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION (BAY CITY)

| | |
|---|---|
| In re:<br>**MAGDALENA PEREZ,**<br>Debtor. | Case No. 24-21078-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| **KISHORE JAYAKUMAR,**<br>Plaintiff,<br>v.<br>**MAGDALENA PEREZ,**<br>Defendant / Third-Party Plaintiff,<br>v.<br>**DAVID STOCKMAN and**<br>**MICHIGAN HEALTH CLINIC,**<br>Third-Party Defendants. | Adv. Proc. No. 26-02010-dob |

**THIRD-PARTY DEFENDANT DAVID STOCKMAN'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF KISHORE JAYAKUMAR**

Third-Party Defendant David Stockman, appearing pro se only on his own behalf, serves these requests under Fed. R. Civ. P. 26 and 34, made applicable by Fed. R. Bankr. P. 7026 and 7034.

Unless otherwise ordered or stipulated, written responses are due within the time provided by the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

**Production Instructions**

1. Produce electronically. Ordinary documents should be searchable PDF. Spreadsheets, databases, calendar exports, billing data, scheduling data, and other structured ESI should be produced in native form when reasonably available.

2. For any patient-related material, patient names, addresses, dates of birth, telephone numbers, Social Security numbers, insurance-member numbers, and medical-record

numbers may be redacted. Preserve date/time, provider, location, visit type, CPT/HCPCS or service category, status, and a stable de-identified code sufficient to match schedules and billing records.

3. Do not withhold responsive records merely because they contain confidential business information; identify any specific confidentiality concern so the parties can address an appropriate limited protection.
4. If any document is withheld as privileged, provide a privilege log sufficient to assess the claim.

**Requests for Production**

1. All versions of your MHC employment agreement, offer letter, amendments, addenda, compensation schedules, and documents reflecting the terms under which you provided services to MHC.
2. All documents supporting your contention that MHC owes $132,109.50 in unpaid wages or $528,438.00 in aggregate damages, including calculations, spreadsheets, invoices, time records, RVU calculations, productivity reports, and communications.
3. All calendars, appointment books, Outlook/Google calendar exports, work schedules, travel calendars, or other records showing your work and physical location during the Relevant Period.
4. All records sufficient to show the physical location from which you performed each service you contend was for MHC during the Relevant Period, including device, VPN, remote-access, EHR-login, telehealth-login, IP, travel, badge, or office-access records in your possession, custody, or control.

5. Your complete employment or independent-contractor agreement(s) with CDC, including all amendments, compensation plans, bonus/RVU plans, job descriptions, and offer letters.
6. Your CDC job application, resume/CV submitted to CDC, credentialing or onboarding materials in your possession, and documents identifying your represented work availability or schedule at the time you applied or were hired.
7. Your CDC W-2 and/or 1099 forms for 2023 and 2024.
8. Your CDC paystubs, payroll statements, bonus statements, productivity statements, RVU statements, and compensation calculations for 2023 and 2024.
9. Your CDC timecards, clock-in/clock-out records, attendance records, badge-access records, and records showing actual hours worked during 2023 and 2024.
10. Your CDC PTO, vacation, sick leave, CME leave, other leave, absence requests, approvals, balances, and schedule-change records for 2023 and 2024.
11. Your complete CDC work schedule for 2023 and 2024, including provider schedules, clinic schedules, call schedules, telehealth schedules, administrative blocks, and recurring schedules.
12. Your meeting/calendar records for 2023 and 2024 showing provider meetings, management meetings, staff meetings, administrative meetings, training, CME, conferences, and other scheduled work-related meetings.
13. Your patient appointment schedules from CDC for 2023 and 2024, with patient identifiers redacted if necessary but preserving appointment date/time, location, visit type, status, and a stable de-identified code.

14. All billing, charge, claim, collections, accounts-receivable, RVU, and productivity reports in your possession for services attributed to you at CDC during 2023 and 2024.

15. All documents showing payer or insurer participation, credentialing, effective dates, service locations, or billing arrangements under which CDC billed services attributed to you in 2023 and 2024.

16. All professional-liability or malpractice insurance certificates, policies, endorsements, or coverage documents in your possession identifying you and CDC during 2023 and 2024.

17. All nonprivileged communications between you and CDC concerning your work schedule, hours, attendance, work location, PTO/leave, outside employment, MHC work, telemedicine, billing, productivity, or compensation during 2023 and 2024.

18. All communications between you and MHC, David Stockman, Magdalena Perez, Brian Hart, or Jennifer Penning concerning your schedule, work location, services, compensation, alleged unpaid wages, or referral of communications to a Michigan attorney.

19. All documents identifying or relating to any Michigan attorney to whom you referred MHC or David Stockman for communications concerning your employment or compensation dispute.

20. All documents on which you rely to contend that District of Columbia wage law applies to your MHC relationship.

21. All documents you identified or described in your Initial Disclosures, including the employment agreement and communications with MHC or Debtor.

22. All documents showing any payment, credit, setoff, reimbursement, or compensation relevant to your claimed damages.

23. All records showing any day in the Relevant Period when you performed CDC services and also performed or claimed to perform MHC services.

24. All records showing any loss, deletion, destruction, alteration, replacement, or unavailability of responsive ESI or documents since January 1, 2023.

25. All documents supporting any contention that Great Lakes Bay Staffing, Inc. employed you, contracted with you, paid you, supervised you, scheduled you, billed for you, or otherwise bears liability for the compensation dispute.

26. All documents sufficient to identify every professional employer, medical practice, health system, staffing entity, or professional corporation that paid you compensation for professional services in 2023 and 2024.

Respectfully submitted,

**/s/ David Stockman**

David Stockman, Pro Se - Third-Party Defendant
5805 McCarty Road, Saginaw, Michigan 48603 | dstockma4@icloud.com | (989) 341-3017

Dated: October 13, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION (BAY CITY)**

| | |
|---|---|
| In re:<br>**MAGDALENA PEREZ,**<br>Debtor. | Case No. 24-21078-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| **KISHORE JAYAKUMAR,**<br>Plaintiff,<br>v.<br>**MAGDALENA PEREZ,**<br>Defendant / Third-Party Plaintiff,<br>v.<br>**DAVID STOCKMAN and**<br>**MICHIGAN HEALTH CLINIC,**<br>Third-Party Defendants. | Adv. Proc. No. 26-02010-dob |

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, I served Third-Party Defendant David Stockman's First Requests for Production to Plaintiff Kishore Jayakumar through the Court's CM/ECF system on all registered participants entitled to electronic notice in Adv. Proc. No. 26-02010-dob.

Respectfully submitted,

**/s/ David Stockman**
David Stockman, Pro Se - Third-Party Defendant
5805 McCarty Road, Saginaw, Michigan 48603 | dstockma4@icloud.com | (989) 341-3017
Dated: October 13, 2026

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF MICHIGAN**

**NORTHERN DIVISION (BAY CITY)**

In re:
**MAGDALENA PEREZ,**
Debtor.

Case No. 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

**KISHORE JAYAKUMAR,**
Plaintiff,
v.
**MAGDALENA PEREZ,**
Defendant / Third-Party Plaintiff,
v.
**DAVID STOCKMAN and**
**MICHIGAN HEALTH CLINIC,**
Third-Party Defendants.

Adv. Proc. No. 26-02010-dob

**THIRD-PARTY DEFENDANT DAVID STOCKMAN'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF KISHORE JAYAKUMAR**

Third-Party Defendant David Stockman, appearing pro se only on his own behalf, serves these requests under Fed. R. Civ. P. 36, made applicable by Fed. R. Bankr. P. 7036.

Unless otherwise ordered or stipulated, written responses are due within the time provided by the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

For each request, admit or deny the matter specifically. If a matter cannot truthfully be admitted or denied in full, admit the part that is true and deny or qualify the remainder as required by Rule 36(a)(4).

**Requests for Admission**

1. Admit that you performed compensated professional services for Clinical Dermatology Center in Virginia during 2023 and 2024.

2. Admit that you physically worked in Virginia for Clinical Dermatology Center during at least part of the Relevant Period.
3. Admit that Clinical Dermatology Center maintained provider or patient schedules reflecting dates on which you were scheduled to work in Virginia.
4. Admit that Clinical Dermatology Center maintained payroll or compensation records reflecting compensation paid to you in 2023 and 2024.
5. Admit that you received W-2 wages from Clinical Dermatology Center for services performed during at least one of calendar years 2023 or 2024.
6. Admit that your relationship with MHC was governed by a written employment agreement.
7. Admit that you were a contractual employee of MHC under that written employment agreement and were not an owner of MHC.
8. Admit that at least some services you contend you performed for MHC were performed remotely by telemedicine.
9. Admit that not every service you contend you performed for MHC was physically performed from within the District of Columbia.
10. Admit that there were one or more days during the Relevant Period on which you performed services for CDC and also performed, or now contend you performed, services for MHC.
11. Admit that CDC scheduling, attendance, billing, and payroll records are relevant to determining when and where you worked during the Relevant Period.

12. Admit that you referred MHC or David Stockman to a Michigan attorney for communications concerning you, your employment, compensation, or dispute with MHC.

13. Admit that you can identify the Michigan attorney referenced in the preceding Request.

14. Admit that your July 9, 2026 Initial Disclosures state that you seek $132,109.50 in unpaid wages.

15. Admit that your July 9, 2026 Initial Disclosures state aggregate damages of $528,438.00 plus attorney fees and costs.

16. Admit that MHC, rather than Great Lakes Bay Staffing, Inc., is identified in your Initial Disclosures as the entity that employed you.

17. Admit that you never signed an employment agreement with Great Lakes Bay Staffing, Inc.

18. Admit that Great Lakes Bay Staffing, Inc. did not issue you a W-2 for 2023 or 2024.

19. Admit that Great Lakes Bay Staffing, Inc. did not pay you wages for the MHC services at issue in this adversary proceeding.

20. Admit that you did not provide patient-care services for Great Lakes Bay Staffing, Inc. during the Relevant Period.

21. Admit that CDC billed third-party payers for professional services attributed to you during 2023 or 2024.

22. Admit that CDC maintained records sufficient to identify the dates, locations, and service categories associated with professional services attributed to you during 2023 and 2024.

Respectfully submitted,

**/s/ David Stockman**
David Stockman, Pro Se - Third-Party Defendant
5805 McCarty Road, Saginaw, Michigan 48603 | dstockma4@icloud.com | (989) 341-3017
Dated: October 13, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION (BAY CITY)**

| | |
|---|---|
| In re: | Case No. 24-21078-dob |
| **MAGDALENA PEREZ,** | Chapter 7 |
| Debtor. | Hon. Daniel S. Opperman |
| | |
| **KISHORE JAYAKUMAR,** | Adv. Proc. No. 26-02010-dob |
| Plaintiff, | |
| v. | |
| **MAGDALENA PEREZ,** | |
| Defendant / Third-Party Plaintiff, | |
| v. | |
| **DAVID STOCKMAN and MICHIGAN HEALTH CLINIC,** | |
| Third-Party Defendants. | |

---

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I served Third-Party Defendant David Stockman's First Requests for Admission to Plaintiff Kishore Jayakumar through the Court's CM/ECF system on all registered participants entitled to electronic notice in Adv. Proc. No. 26-02010-dob.

Respectfully submitted,

**/s/ David Stockman**
David Stockman, Pro Se - Third-Party Defendant
5805 McCarty Road, Saginaw, Michigan 48603 | dstockma4@icloud.com | (989) 341-3017
Dated: October 13, 2026