UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION (BAY CITY)

In Re:

MAGDALENA PEREZ

Debtor.

Case No: 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

KISHORE JAYAKUMAR,

Plaintiff,

v.

MAGDALENA PEREZ,

Defendant / Third-Party Plaintiff.

v.

DAVID STOCKMAN, and
MICHIGAN HEALTH CLINIC,

Third-Party Defendants

Adv. Pro. No. 26-02010-dob

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Kishore Jayakumar, ("**Dr. Jayakumar**"), by and through his attorneys, Warner Norcross + Judd, brings this Motion for Protective Order under Fed. R. Bankr. P. 7026 and states as follows:

1. Dr. Jayakumar initiated this Adversary Proceeding by the filing of a Complaint against Defendant Magdalena Perez on March 4, 2026 (ECF No. 1).

2. Contemporaneously with her Answer, Defendant Magdalena Perez filed a Third-Party Complaint against Third-Party Defendant David Stockman ("**Dr. Stockman**") seeking contribution and indemnity on April 1, 2026 (ECF No. 4).[1]

3. Dr. Stockman failed to timely respond to the Third-Party Complaint.

4. On May 8, 2026, the Clerk entered a default against Dr. Stockman (ECF No. 7).

5. On May 14, 2026, this Court entered a default judgment against Dr. Stockman (ECF No. 12).

6. Dr. Stockman never sought to set aside the entry of default and has not sought to vacate default judgment.

7. Notwithstanding, Dr. Stockman recently made several discovery-related filings in this proceeding, including the following filings:

   a. Notice to Take Deposition of Kishore Jayakumar, filed on October 13, 2026 (ECF No. 31);

   b. Interrogatories, Request for Production of Documents, Request for Admissions, filed on October 14, 2026 (ECF No. 36); and

   c. Notice of Zoom Deposition of Kishore Jayakumar, filed on October 14, 2026 (ECF No. 37) (all of the foregoing, the "**Relevant Filings**").

8. Through the Relevant Filings, Dr. Stockman seeks to take substantial discovery from Dr. Jayakumar.

9. Pursuant to Fed. R. Bankr. P. 7026(c), good cause exists to issue a protective order barring Dr. Stockman from taking discovery while the default judgment stands and declaring Dr. Jayakumar has no obligation to respond to or comply with the Relevant Filings.

[1] Defendant Magdalena Perez also named Michigan Health Clinic, P.C. ("**MHC**") as a third-party defendant. MHC is not relevant for purposes of this Motion.

10. "For discovery purposes, courts treat a defaulting defendant as a non-party." *See Allied Enters., Inc. v. Brillcast, Inc.*, No. 1:15-CV-749, 2015 WL 13122945, at *3 (W.D. Mich. Nov. 17, 2015); *see also Harco Nat. Ins. Co. v. Sleegers Eng'g, Inc.*, No. 06-CV-11314, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014) ("[N]on-parties who were originally parties—for example, a defaulting defendant—is nonetheless still treated as a non-party.").

11. Indeed, "a defaulting defendant loses many of the rights of a party, such as . . . the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint." *Blazek v. Cap. Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wis. 2004); *see also Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010) ("[A] defaulted defendant loses many of the rights of a party, chief among them the right to contest the factual allegations of the complaint.").

12. As a non-party, a defaulted defendant also loses the right to initiate discovery. The Federal Rules authorize only a "party" to initiate discovery. *See* Fed. R. Bankr. P. 7030, 7033, 7034, and 7036.

13. Here, Dr. Stockman has *even less* support to initiate discovery. He is not simply a defaulted defendant—after the default judgment, his only tie to the case is as Defendant Magdalena Perez's judgment debtor.

14. Because Dr. Stockman "made the decision to default and become, as it were, a non-party," he has given up his right to initiate discovery. *See Blazek v. Cap. Recovery Assocs., Inc.*, 222 F.R.D. at 361.

15. Counsel for Dr. Jayakumar attempted in good faith to confer with Dr. Stockman to resolve this dispute without court action by electronic mail on October 20, 2026. Dr. Stockman failed to reply to the request for concurrence.

WHEREFORE, Dr. Jayakumar requests that this Court enter the Order attached hereto as **Exhibit 1** and grant him any other relief this Court finds just and equitable.

Dated: October 23, 2026

*/s/ Joshua C. Eggert*
Joshua C. Eggert (P87786)
Jonathan Lauderbach (P51313)
Warner Norcross + Judd
715 East Main Street, Suite 110
Midland, MI 48640
989-698-3700
jeggert@wnj.com

*Attorneys for Kishore Jayakumar*

35044699