UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION (BAY CITY)

In Re:

MAGDALENA PEREZ

Debtor.

Case No: 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

KISHORE JAYAKUMAR,

Plaintiff,

v.

MAGDALENA PEREZ,

Defendant / Third-Party Plaintiff.

v.

DAVID STOCKMAN, and
MICHIGAN HEALTH CLINIC,

Third-Party Defendants

Adv. Pro. No. 26-02010-dob

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S SEPARATE MOTION FOR SANCTIONS**

## INTRODUCTION

Rule 9011 exists to deter precisely the sort of filing that Third-Party Defendant David Stockman ("**Stockman**") made with his *Separate Motion for Sanctions* (the "**Motion**"). The Motion is entirely groundless. Further, Stockman failed to comply with the safe harbor requirement of Rule 9011—a requirement that Stockman (confusingly) references in his Motion. That procedural oversight is fatal to the Motion, which must therefore be denied.

## LEGAL STANDARD

"Rule 9011 . . . is designed to encourage counsel (and parties) to avoid groundless filings or pleadings filed for improper purposes, largely through the imposition of sanctions." *In re Deville, 280 B.R. 483*, 492 (B.A.P. 9th Cir.2002). But before filing a motion under that rule, the movant must first serve a draft of the motion on the allegedly offending party and give a 21-day "safe harbor" notice to that party to correct the perceived wrongdoing. Fed. R. Bankr. P. 9011(c)(2)(B). "The Sixth Circuit requires strict compliance with the safe harbor provision." *In re Thomas*, No. 20-8002, 2020 WL 6874912, at *5 (B.A.P. 6th Cir. Nov. 23, 2020). So much so that it is an abuse of discretion for a court to grant a Rule 9011 motion where the movant failed to comply. *In re Blasingame*, 709 F. App'x 363, 369-70 (6th Cir. 2018).

## ARGUMENT

### 1. Stockman did not Follow Rule 9011's Safe Harbor Strictures

Rule 9011 requires the movant to give the perceived wrongdoer a chance to correct himself. The proposed motion must first "be served under Rule 7004" and then:

> The motion for sanctions must not be filed or presented to the court if the challenged document, claim, defense, contention, allegation, or denial is withdrawn or appropriately corrected within 21 days after the motion was served (or within another period as the court may order). This limitation does not apply if the conduct alleged is filing a petition in violation of (b).

Fed R. Bankr. P. 9011(c)(2)(B).

The Sixth Circuit requires a movant to strictly comply with the safe harbor requirement under Rule 9011. *See In re Thomas*, No. 20-8002, 2020 WL 6874912, at *5 (B.A.P. 6th Cir. Nov. 23, 2020). Stockman did not serve the Motion pursuant to Rule 7004 prior to filing it. Nor did he

otherwise give Plaintiff a 21-day safe harbor. Plaintiff first knew of the Motion when Stockman filed it with the Court.

The filed Motion purports to comply with the safe harbor requirement:

> This motion is being served before filing as required by Fed. R. Bankr. P. 9011(c)(2). It will not be filed or presented to the Court unless the challenged conduct is not withdrawn or appropriately corrected within the safe-harbor period. The eventual filing, if necessary, will include a declaration establishing the date and manner of service. If service is made by first-class mail, Fed. R. Bankr. P. 9006(f) adds three days to the otherwise applicable period.

Mot. at 1-2. But Stockman cannot claim he believed the 21-day safe harbor period started by electronically filing the motion. In his Notice of Motion and Opportunity to object, Stockman writes: "The Rule 9011 motion was served before filing and was not filed until expiration of the safe-harbor period." That entire sentence is untrue.

Because Stockman failed to comply with Rule 9011's safe harbor requirement, this Court must deny the Motion. *Blasingame*, 709 F. App'x at 369-70.

**2. Stockman Identifies No Sanctionable Conduct**

As best Dr. Jayakumar can discern, Stockman's chief complaint is that this nondischargeability action is being litigated at the same time as a separate District Court action, both of which involve the unpaid wages serving as the basis for damages here. Stockman also makes much ado about the District Court consolidating two separate actions.

The separate proceedings are irrelevant: This is the only Court that can determine whether Perez's debt is excepted from discharge under §§ 523(a)(2) and (a)(6). Dr. Jayakumar cannot bring this action in a District Court and cannot otherwise join Perez to the current District Court action. Furthermore, Stockman identifies no legal authority supporting his implication that Jayakumar is under an affirmative duty to alert this Court to the other proceedings. Nor could he, because no

such legal authority exists. Yet Stockman asks for a "bad faith inference" due to that "material nondisclosure." No such inference is warranted here.

Stockman's Section 1927 arguments deserve little response. Counsel states only that Stockman does not even forthrightly allege the undersigned "unreasonably and vexatiously" multiplied proceedings, as the statute requires. What Stockman does say is that is that "*if* counsel knew of the lead District Court case, filed the Penning action . . . , received the consolidation order, and nevertheless continued to press a parallel merits track in Bankruptcy Court . . . , the Court *could* conclude that counsel reasonably should have known the strategy would multiply proceedings and force duplicative discovery and briefing." Br. in support of Mot. at 6 (emphasis added). Contingent speculation is not an allegation.

With even minimal diligence Stockman could have easily discerned from the relevant pleadings that the undersigned counsel are not representing any party in those separate proceedings. The undersigned counsel certainly did not "file the Penning action" or "receive a consolidation order" consolidating two cases that the undersigned counsel are not affiliated with. Thus, Stockman failed to undertake even minimal diligence before filing a motion falsely accusing the undersigned counsel of bad faith.

**3. Plaintiff is Entitled to Recover his Attorney's Fees**

This Court has discretion to award the prevailing party the reasonable expenses and attorney's fees incurred in opposing a Rule 9011 motion. Fed. R. Bankr. P. 9011(c)(2)(C).[1] Exercise of that discretion is warranted here. The Motion is entirely groundless, and Stockman did not even attempt to comply with the strict procedure required by Rule 9011. Nor can Stockman

[1] An award to the non-movant does not require the non-movant to separately offer a safe harbor to the movant. *See In re Cash Cloud, Inc.*, No. 23-01125, 2025 WL 1249130, at *6 (D. Nev. Apr. 30, 2025).

feign ignorance (not that ignorance is a defense): the Motion itself recognizes the safe harbor requirements of Rule 9011. This Court should grant Dr. Jaykumar the costs and attorney's fees he incurs in objecting to the Motion.

**CONCLUSION**

Stockman failed to comply with Rule 9011's safe harbor requirements. Moreover, he identifies no sanctionable conduct undertaken by Dr. Jayakumar or counsel. Dr. Jayakumar should be awarded his fees for having to object to the wholly unsupported Motion.

Dated: October 27, 2026

WARNER NORCROSS + JUDD LLP

By:/s/ *Joshua C. Eggert*

Joshua C. Eggert (P87786)
Jonathan Lauderbach (P51313)
715 East Main Street, Suite 110
Midland, MI 48640
989-698-3700
jeggert@wnj.com
jlauderbach@wnj.com

*Attorneys for Kishore Jayakumar*

35057831