UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION (BAY CITY)

In Re:

MAGDALENA PEREZ

Debtor.

Case No: 24-21078-dob
Chapter 7
Hon. Daniel S. Opperman

---

KISHORE JAYAKUMAR,

Plaintiff,

v.

MAGDALENA PEREZ,

Defendant / Third-Party Plaintiff.

v.

DAVID STOCKMAN, and
MICHIGAN HEALTH CLINIC,

Third-Party Defendants

Adv. Pro. No. 26-02010-dob

---

**PLAINTIFF'S SECOND REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Plaintiff Kishore Jayakumar ("**Plaintiff**" or "**Dr. Jayakumar**") serves the following Second Requests for Admission and Requests for Production of Documents (collectively, the "**Requests**") on Defendant Magdalena Perez ("**Debtor**") pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, and 7036. Responses to these consolidated discovery requests must be served on the Plaintiff's counsel within 30 days after service of these requests.

## DEFINITIONS & INSTRUCTIONS

1. The term "**document**" is used in its broadest sense and shall include all writings or visible images of any kind, whether in final or draft form, now or at any time in your possession, custody or control, and including all copies of each document if the copies contain any additional writing or are not identical copies of the original (e.g., because typed or handwritten notes appear on them or are attached to them). The term "document" includes, but is not limited to, letters, invoices, contracts, agreements, receipts, correspondence, electronic mail, memoranda, notes, photographs, diary and calendar entries, records of meetings, minutes or statistical compilations, statements, audio or video recordings, summaries or records of telephone calls, summaries or records of meetings or conferences, summaries or records of personal conversations or interviews, and records of other conversations or communications.

2. The term "**document**" also includes records stored by any electronic or mechanical means and capable of translation into written form, including but not limited to computer files in both machine-readable and hard copy form, magnetic tapes, and computer disks.

3. Text messages produced as screenshots must be fully legible, chronological, and sufficiently overlapping to establish continuity. No content may be obscured by headers or overlays. Screenshots must show all messages within the responsive portion of each conversation, without gaps or omissions except clearly identified redactions.

4. If any document requested no longer exists, for whatever reason, provide a description of the document by stating the name(s) and positions of the author, all recipients, the date of the document, and the subject matter of the document. Also provide the complete circumstances surrounding the fact that the document no longer exists and the approximate date on which the document was destroyed, discarded, or otherwise ceased to exist.

5. Each interrogatory must be answered separately and fully in writing and under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

6. The answers to these interrogatories must include your knowledge and the knowledge of your attorneys and all agents, servants, representatives, investigators, and others who may have obtained information on your behalf or on behalf of your attorneys. You are required to seasonably supplement your responses.

7. If you cannot answer an interrogatory in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

8. Where an individual interrogatory calls for an answer which involves more than one part, each of the answers should be clearly set out so that it is understandable.

9. These discovery requests are continuing in nature so as to require supplemental answers if further information is obtained or discovered by you between the time these discovery requests are answered and the time of trial. Such information must be furnished to the Plaintiff within a reasonable time after it becomes known or obtained.

10. The term "**all documents**" means every document, whether an original or a copy or a draft of the document, as defined above, that is within Defendants' possession, custody, or control, or otherwise known or available to Defendants.

11. The term "**identify**," when used in relation to a person, means state separately the following distinguishing information for an individual: name, last known business address, last known residential address, and telephone number. If the person is not an individual but is a legal

entity or organization, additionally identify the person or persons employed by or representing such a legal entity or organization who have knowledge relating to the matter involved.

12. The term "**identify**," when used in relation to a document, means state the author, the date of preparation, summarize the document's content, and identify the person who is its present custodian.

13. As used in this document, "**relating to**" and "**relate to**" mean constituting, consisting of, concerning, referring to, touching upon, reflecting, or in any way logically or factually connected to the matter discussed, in whole or in part.

14. The terms "**and**" or "**or**" is to be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these Requests any information that may otherwise be construed to be outside their scope.

15. The term "**Complaint**" means the Complaint that was filed by Plaintiff in this adversary proceeding, Adversary No. 26-02010-dob.

16. The term "**Answer**" means your answer to the Complaint and accompanying Third-Party Complaint filed in this adversary proceeding, Doc. No. 4.

17. The term "**MHC**" means Michigan Health Clinics, P.C. and includes its subsidiary, the Michigan Institute of Forensic Science & Medicine PC.

18. The term "**GLBS**" means Great Lakes Bay Staffing, Inc.

19. The term "**Relevant Period**" means the period from January 1, 2023, through the present date.

## **REQUESTS TO ADMIT**

10. Admit that you assigned work-related tasks to MHC employees, including physicians.

11. Admit that you participated in reviewing or assessing how MHC employees, including physicians, performed their job-related responsibilities.

12. Admit that MHC employees brought workplace-related questions or problems to you for resolution.

13. Admit that you personally prepared paychecks for MHC employees and signed them or applied a signature stamp.

14. Admit that you personally responded on behalf of MHC to employee inquiries concerning when their compensation would be paid.

15. Admit that, before participating in Dr. Jayakumar's recruitment, you had personally received complaints from MHC employees concerning compensation they had earned but had not received.

16. Admit that, when you participated in recruiting Dr. Jayakumar, you understood that MHC's recent failures to pay employee compensation would be a material consideration for a prospective physician deciding whether to accept employment with MHC.

17. Admit that, before your employment with MHC ended, you knew that MHC had not fully compensated Dr. Jayakumar for patient care services he performed.

18. Admit that, before your employment with MHC ended, you knew that Dr. Jayakumar was continuing to perform patient care services after informing you that his compensation was overdue.

**REQUESTS FOR PRODUCTION**

9. All Communications between you and David Stockman during the Relevant Period relating to MHC's or GLBS's payroll, employee compensation or benefits, deductions or withholdings, payments to employees or vendors, employee or vendor payment complaints, bank-

account balances or transactions, cash-flow issues, insufficient funds, returned checks, unsuccessful payroll deposits or transfers, or outstanding financial obligations, including but not limited to emails, text messages, voicemails, and attachments.

10. All Communications between you and Brian Hart during the Relevant Period relating to MHC's or GLBS's payroll, employee compensation or benefits, deductions or withholdings, payments to employees or vendors, employee or vendor payment complaints, bank-account balances or transactions, cash-flow issues, insufficient funds, returned checks, unsuccessful payroll deposits or transfers, or outstanding financial obligations, including but not limited to emails, text messages, voicemails, and attachments.

11. All Communications between you and MHC or GLBS employees or contractors during the Relevant Period relating to delayed compensation, missed pay dates, unpaid or disputed compensation, payroll discrepancies, returned checks, unsuccessful payroll deposits or transfers, unpaid employee-benefit premiums, inactive or terminated benefits coverage, or deductions for benefits that were not provided, including but not limited to emails, text messages, voicemails, and attachments.

12. All Communications between you and MHC or GLBS vendors, creditors, or their representatives during the Relevant Period relating to overdue invoices, unpaid balances, delayed or unsuccessful payments, returned checks, payment arrangements, demands for payment, or collection efforts, including but not limited to emails, text messages, voicemails, and attachments.

WARNER NORCROSS + JUDD LLP

Dated: November 19, 2026

By: /s/Joshua C. Eggert
Jonathan E. Lauderbach (P51313)
Joshua C. Eggert (P87786)
715 East Main Street, Suite 110
Midland, Michigan 48640
989.698.3700
jlauderbach@wnj.com
jeggert@wnj.com
34802116